(823 P.2d 201)

No. 66,105

STATE OF KANSAS, *Appellee*, v. STEVEN WAYNE HILL, *Appellant*.

Opinion filed December 13, 1991.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Ellen Mitchell*, assistant county attorney, *Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LARSON, J., and DAVID W. KENNEDY, District Judge, assigned.

BRISCOE, C.J.: Steven Hill appeals from his jury convictions of possession of cocaine (K.S.A. 1990 Supp. 65-4127a), possession

of marijuana (K.S.A. 1990 Supp. 65-4127b[a][3]), and possession of drug paraphernalia (K.S.A. 65-4152). We note that the issues raised would not affect the marijuana conviction.

Hill argues it was error to charge him with both possession of cocaine and possession of drug paraphernalia because the charges are multiplicitous. Further, he argues that, since the only cocaine discovered was residue in two vials and a plastic bag, he should have been charged with the more specific crime of possession of drug paraphernalia. We affirm.

After officers were called to investigate a disturbance at the Red Kitten Club in Salina, Kansas, an officer recognized Hill, who had just parked his car at the club. Earlier that evening, the officers checked motor vehicle records and determined that Hill's driver's license had been suspended. When Hill could not produce a driver's license, he was arrested.

An officer searched Hill and found rolling papers and a razor blade in his wallet and a brown vial with white powder residue in his pants pocket. The officer then looked in Hill's car and found a Halloween bucket filled with plastic bags of a "green leafy substance." At that point, the officer had the car towed to the police department. He later searched the car and found a Crown Royal bag that contained a pill bottle with a green leafy substance, a screen with white powder residue on it, 14 plastic bags with white powder residue, a straw, and a vial with a drug measuring device attached. He also found three vials with white powder residue and a black tote bag that contained plastic packets, firecrackers, razor blades, sunglasses, and other items.

The State tested the white powder residue in one of the plastic bags found in the Crown Royal bag, the white powder residue in one of the vials found in the car, and the white powder residue in the brown vial taken from Hill's pocket, and all of the residue proved to be cocaine. The State also tested the green substance found in the pill bottle and the packets found in the Halloween bucket and it proved to be marijuana.

Hill was charged by complaint of possession of drug paraphernalia based on his possession of the razor blade, rolling papers, and vials. He was charged with possession of cocaine based on residue found in two plastic vials and in one plastic bag.

Hill contends he was incorrectly charged with a general offense, possession of cocaine, when he should have been charged only with a specific offense, possession of drug paraphernalia. Hill cites no case where this argument has been applied. In a related argument, Hill contends he should not have been convicted of both possession of cocaine and possession of drug paraphernalia because the charges are multiplicitous.

"[T]he rule that a more specific statute should prevail over the general statute is merely a rule of interpretation which is used to determine which statute the legislature intended to be applied in a particular case." *State v. Helms*, 242 Kan. 511, 514, 748 P.2d 425 (1988). "Multiplicity is the charging of two or more counts in a complaint where only a single criminal act is involved." *State v. Cathey*, 241 Kan. 715, 718, 741 P.2d 738 (1987). "When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes." K.S.A. 21-3107(1).

K.S.A. 1990 Supp. 65-4127a, which penalizes the possession of cocaine, states in relevant part:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to manufacture, possess, have under such person's control, possess with intent to sell, offer for sale, sell, prescribe, administer, deliver, distribute, dispense or compound any opiates, opium or narcotic drugs."

K.S.A. 65-4152 states in relevant part:

"(a) No person shall use or possess with intent to use:

. . . .

"(2) any drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance in violation of the uniform controlled substances act."

K.S.A. 65-4150 defines drug paraphernalia:

"(c) 'Drug paraphernalia' means all equipment, products and materials of any kind which are used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of the

uniform controlled substances act. 'Drug paraphernalia' shall include, but is not limited to:

. . . .

"(9) Capsules, balloons, envelopes and other containers used or intended for use in packaging small quantities of controlled substances.

"(10) Containers and other objects used or intended for use in storing or concealing controlled substances.

. . . .

"(12) Objects used or intended for use in ingesting, inhaling or otherwise introducing marihuana, cocaine, hashish or hashish oil into the human body, such as:

. . . .

"(F) miniature cocaine spoons and cocaine vials."

A review of the statutes reveals two independent statutes governing two independent crimes. There is no conflict between the statutes and, therefore, there is no reason to resort to rules of interpretation to determine which statute governs.

Both of Hill's arguments depend in part on the fact that the only cocaine he actually possessed was found as residue in the plastic bag and vials he possessed. Specifically, he argues:

"K.S.A. 65-4127a generally proscribes possession of cocaine. Conversely, because the presence of residue on an object is a factor which renders that object drug paraphernalia, the statutory offense of possession of drug paraphernalia proscribed by K.S.A. 65-4152(a)(2) is a specific offense. Because the existence of residue may render an object drug paraphernalia, Mr. Hill's conviction for possession of cocaine, based solely upon the residue, must be set aside as an improper general charge where the more specific charge of drug paraphernalia applies."

Hill's argument obfuscates the clear intent of the legislature in passing the statutes at issue. K.S.A. 1990 Supp. 65-4127a governs possession of cocaine while 65-4152 governs possession of items associated with the use of controlled substances. Sometimes cocaine will be found on the items used to ingest or store the drug. The presence of the drug on the item is one method of determining whether the item is drug paraphernalia. K.S.A. 65-4151(e).

Whether the courts actually determine the item to be paraphernalia and whether the possession of drug paraphernalia charge is appropriate depends on the circumstances and facts of each case. But, if the substance is cocaine, and the other requirements of 65-4127a are met, possession of cocaine is an ap-

propriate charge. " '[T]he proof of the possession of *any* amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or useable.' " *State v. Brown*, 245 Kan. 604, 613-14, 783 P.2d 1278 (1989). Since there is no conflict between 65-4127a and 65-4152, Hill's argument that he can only be charged under the more "specific" possession of paraphernalia statute is without merit.

Likewise, in possessing drug paraphernalia with cocaine residue, Hill violated both 65-4127a and 65-4152. The charges are not multiplicitous. K.S.A. 65-4151 lists 14 factors to consider in determining whether an object is drug paraphernalia. Subsection (e) states that the court is to consider the "existence of any residue of controlled substances on the object" in making its determination, but the statute does not specifically state there must be drug residue on an object for that object to be considered drug paraphernalia. The State was not required to show the paraphernalia contained cocaine residue in order to prove Hill was guilty of possession of drug paraphernalia under 65-4152. The presence of cocaine on the objects was merely another factor for the court to consider.

There is authority from other jurisdictions which holds that convictions for both possession of cocaine and possession of drug paraphernalia, where the only cocaine is residue on the paraphernalia, are not multiplicitous and can be separately charged. In *Bryant v. State*, 559 So. 2d 414 (Fla. Dist. App. 1990), the court affirmed the defendant's convictions of possession of drug paraphernalia (a pipe) and possession of cocaine found in that pipe. In *Evans v. State*, 543 So. 2d 326 (Fla. Dist. App. 1989), the court affirmed the defendant's convictions of both unlawful possession of cocaine and unlawful possession of drug paraphernalia where the only cocaine found was in a pipe, because each offense had at least one different element. The court stated that use of the pipe to possess cocaine is not such an inherent part of the normal method of possession of cocaine that it could be assumed the legislature did not intend to separately punish a person for both offenses.

K.S.A. 1990 Supp. 65-4127a and K.S.A. 65-4152 have at least one different element and the two statutes are arguably aimed at two different substantive purposes. K.S.A. 1990 Supp. 65-4127a

is aimed at proscribing contraband drugs while 65-4152 is aimed at proscribing paraphernalia employed in using contraband drugs. Because cocaine can be possessed in a variety of different ways, one can assume the legislature intended to separately punish a person for unlawful possession of paraphernalia.

Hill also contends there was insufficient evidence of his intent to possess cocaine. He argues the amount of cocaine found in the various containers was so small that there was no way he could have control over it and that the State failed to prove he knew he possessed cocaine.

"When the sufficiency of the evidence is challenged, the standard of review on appeal is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. [Citation omitted.]" *State v. Graham*, 247 Kan. 388, 398, 799 P.2d 1003 (1990).

Possession of a controlled substance requires specific intent to exercise control over the substance, with knowledge of the nature of the substance. Proof of the required elements for possession of a controlled substance may be established by circumstantial evidence. *State v. Washington*, 244 Kan. 652, 654, 772 P.2d 768 (1989). Proof of the possession of *any* amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or useable. *Brown*, 245 Kan. at 613-14.

There was cocaine residue found in a vial in Hill's pants pockets; there was cocaine residue found in a vial in his car; and there was cocaine residue found in a plastic bag inside a Crown Royal bag in Hill's car. In addition to these items, police found:

(1) a razor blade in Hill's wallet (an officer testified razor blades are commonly used to cut up and prepare cocaine for snorting);

(2) a screen with powder residue inside the Crown Royal bag (which an officer testified was commonly used to reduce rock cocaine to powder);

(3) thirteen more plastic bags inside the Crown Royal bag (which an officer testified contained white powder residue and which are commonly used to hold cocaine);

(4) a straw inside the Crown Royal bag (which an officer testified is commonly used to snort cocaine);

(5) a vial with a drug measuring device inside the Crown Royal bag (which an officer testified is designed to dispense cocaine onto an attached spoon for snorting);

(6) two more vials with white powder residue found in the car; and

(7) a black tote bag containing plastic bags and razor blades.

This evidence is sufficient for a rational factfinder to conclude beyond a reasonable doubt that Hill knew the white powder residue was cocaine and that he intended to possess cocaine.

Affirmed.