(823 P.2d 213)

No. 65,996

STATE OF KANSAS, *Appellee*, v. CHRISTOPHER J. ALLISON, *Appellant.*

—

Opinion filed December 20, 1991.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*James R. Spring*, deputy county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before RULON, P.J., DAVIS, J., and JAMES P. BUCHELE, District Judge, assigned.

DAVIS, J.: The defendant, Christopher J. Allison, was convicted by a jury of child abuse in violation of K.S.A. 21-3609. He appeals, contending that the failure of the court to instruct on the lesser included offense of battery requires that we reverse. He alleges other errors but, because we agree with his contention that a lesser included instruction was required, we reverse and remand for a new trial.

Late one evening, the defendant approached Clyde Thornton as Thornton sat in a vehicle in front of the defendant's apartment. The defendant accused Thornton of stealing checks and cash from an individual named "Tom." Thornton then agreed to discuss the matter in the defendant's apartment.

When the two entered the apartment, Tom, the victim of Thornton's alleged theft, was in the bedroom with the defendant's

sister, Becky Robinson. Marty Rutherford, an acquaintance of the defendant, was also present.

The defendant and Robinson accused Thornton of the theft. At trial, defendant testified that Thornton pulled a knife and cut defendant on the hand and arm. Defendant testified that he punched Thornton in the head only after being cut. He further admitted to kicking Thornton once in the head after knocking Thornton to the floor.

Robinson testified that both individuals threw punches at each other, but defendant did not kick Thornton. She did not see who started the fight and did not see a weapon, although she heard someone yell "knife" during the fight. She observed cuts on defendant's arm and knuckles after the fight.

Thornton and Rutherford testified that defendant was the aggressor. Thornton claims he was unarmed and that defendant had a fist pack in his hand when he struck. Both Thornton and Rutherford stated that defendant repeatedly hit and kicked Thornton in the head.

Based upon the above events, the defendant was charged with battery in violation of K.S.A. 21-3412, a class B misdemeanor and abuse of a child in violation of K.S.A. 21-3609, a class D felony. Thornton was only 13 years old but he stood 5 feet, 10 inches tall and weighed approximately 198 pounds. The defendant is 20 years old, stands 5 feet, ten 10 tall and weighs 130 pounds.

The State dismissed the battery charge prior to trial. The defendant did not request an instruction on battery. He was convicted of child abuse and sentenced to a term of three to five years in prison. The appeal follows.

While both parties agree that battery is a lesser included offense of child abuse, we find no Kansas case holding that this is the case. Our inquiry in this case is twofold: (1) Is battery a lesser included offense of child abuse and, (2) if so, is there evidence requiring a lesser included offense instruction?

### Lesser included Offense

We note that the Supreme Court in the very recent case of *State v. Hupp*, 248 Kan. 644, 653, 809 P.2d 1207 (1991), while not called upon to decide this precise issue, assumed that battery was a lesser included offense of child abuse.

K.S.A. ·21-3107(2)(d) defines an "included crime" as "a crime necessarily proved if the crime charged were proved." "While the statute does not use the term 'lesser included offense,' it does refer to lesser crimes and included crimes. If a lesser crime is included in the crime charged, it is commonly referred to as a lesser included offense under 21-3107." *State v. Fike*, 243 Kan. 365, ·367, 757 P.2d 724 (1988).

*Fike* applies a two-pronged test in determining whether a lesser crime is a ·lesser included offense:

"The first step is to determine whether all of the statutory elements of the alleged lesser included crime are among the statutory elements required to prove the crime charged. If so, the lesser crime is a lesser included crime of the crime charged. Under the second prong of the test, even if the statutory elements of the lesser crime are not all included in the statutory elements of the crime charged, the lesser crime may still be a lesser included crime under [K.S.A. 21-3107(2)(d)] if the factual allegations of the charging document and the evidence required to be adduced at trial in order to prove the crime charged would also necessarily prove the lesser crime." *Fike*, 243 Kan. 365, Syl. ¶ 1.

Application of the first prong supports defendant's contention that battery is a lesser included offense of child abuse. "Battery is the· unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." K.S.A. 21-3412. "Abuse of a child is willfully torturing, cruelly beating or inflicting cruel and inhuman corporal punishment upon any child under the age of 18 years." K.S.A. 21-3609. Battery requires "intentional touching or application of force"; a ·"willful beating" is an element of abuse of a child. Battery requires that the touching or application of force be carried out in a "rude, insolent or angry manner." Abuse of a child requires that the requisite willful beating be "cruel."

Although the corresponding elements of the two crimes are not described in identical language and there is a real difference at least in terms of severity between the two crimes, the defendant argues that the meaning of the language in the battery statute is synonymous with the meaning of the language in the abuse of a child statute. We do not find the language synonymous but would agree that the statutory elements of battery are among the statutory elements required to prove child abuse.

Application of the second prong also supports the conclusion that battery is a lesser included offense. The original complaint filed in this case alleged that the defendant hit Thornton. It also alleged that, after being hit, Thornton fell to the floor and defendant began kicking him in the face. The factual allegations in the information and evidence needed at trial to prove child abuse would also prove battery. Thus, under the second prong of *Fike*, we may conclude that battery is a lesser included offense of abuse of a child.

### Instruction

A trial court in Kansas is required to give an instruction on a lesser included offense, assuming there is evidence in the record supporting such an instruction even though the defendant has failed to request such an instruction.

"The duty of the trial court to instruct the jury on a lesser crime arises only where there is evidence upon which a defendant might reasonably be convicted of the lesser crime." *State v. Hutchcraft*, 242 Kan. 55, Syl. ¶ 3, 744 P.2d 849 (1987). "In order for the evidence to be sufficient to require instructions on lesser included offenses, testimony supporting such instructions must be offered either by the State or the defense for the purpose of proving what events occurred." *State v. Patterson*, 243 Kan. 262, Syl. ¶ 3, 755 P.2d 551 (1988). "Evidence supporting such an instruction must be considered in the light most favorable to the defendant." *State v. Colbert*, 244 Kan. 422, 427, 769 P.2d 1168 (1989).

The State contends that there was no duty to give a lesser included instruction because defendant testified he acted in self-defense only. According to the State, if the jury would have believed defendant, he would have been found not guilty and there was then no possibility that he would have been convicted on his testimony of the lesser included offense of battery.

In advancing the above argument, the State relies on *State v. Young*, 14 Kan. App. 2d 21, 784 P.2d 366, *rev. denied* 245 Kan. 787 (1989). In *Young*, the defendant was charged with aggravated battery. Even though a child had been severely beaten, leaving welts and bruises on his legs from his buttocks to his knees, the defendant testified that another had administered the beating and

he had spanked the child with his hand three or four times only to show support for the other's (mother's) discipline. Based on *State v. Hill*, 242 Kan. 68, 73-74, 744 P.2d 1228 (1987) (an instruction on a lesser included offense is "unnecessary where the defendant's testimony precludes a conviction for the lesser offense"), the Court of Appeals concluded that the defendant was not entitled to a lesser included offense instruction on simple battery because if the defendant were believed, he would not be guilty of aggravated battery or simple battery.

One very basic distinction between this case and *Young* is that Young denied doing anything that could be considered a crime. In this case, the defendant admits doing the act but contends he acted in self-defense. There was evidence offered by defendant and others that he did the acts he was charged with. There was evidence that defendant cruelly beat the victim and also evidence that defendant protected himself and hit the victim, but did not cruelly beat the victim. Under these circumstances, unlike *Young*, there was evidence upon which the defendant could have been convicted of battery.

Because we have concluded that battery is a lesser included offense of child abuse and because we find in the record some evidence requiring the giving of a lesser included offense instruction, we reverse and remand for a new trial. We need not address the remaining two alleged errors raised by the defendant except to say that the only error requiring reversal is the first one addressed.

Reversed and remanded for a new trial.