(956 P.2d 1346)
No. 76,276

STATE OF KANSAS, *Appellee*, v. MICHAEL BOYLE RILES, *Appellant*.

Opinion filed
February 13, 1998.

*Rebecca Woodman* and *Thomas W. Bartee*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., RULON, J., and WAHL, S.J.

RULON, J.: Defendant Michael Boyle Riles appeals his conviction and sentence for aggravated battery. We affirm in part and dismiss in part.

On November 12, 1994, defendant shot his 16-year-old son in the face but asserted at trial the shooting was accidental. Defendant was charged with aggravated battery under K.S.A. 21-3414. At the close of the State's case in chief, defendant moved for dismissal of the charge, arguing that abuse of a child under K.S.A. 21-3609 is a more specific offense than aggravated battery. The district court denied defendant's motion and eventually instructed the jury on aggravated battery under K.S.A. 21-3414(a)(1)(A) (intentional bodily harm) and the lesser included offenses of aggravated battery under K.S.A. 21-3414(a)(1)(B), (a)(2)(A), and (a)(2)(B). The jury found defendant guilty of aggravated battery under K.S.A. 21-3414(a)(1)(A). Later, the court denied defendant's motion for departure, sentencing him to 41 months' imprisonment, which is within the presumptive sentence of the guidelines grid.

## SPECIFIC OFFENSE

Defendant asserts the State should have charged him with the more specific offense of abuse of a child, rather than the general offense of aggravated battery. The district court denied defendant's motion to dismiss, finding the State was not required to charge abuse of a child rather than aggravated battery because abuse of a child is not a more specific offense. "[T]he rule that a more specific statute should prevail over a general statute" is a rule of statutory construction applied to determine legislative intent. *State v. Williams*, 250 Kan. 730, 734, 829 P.2d 892 (1992). Interpretation of a statute is a question of law, over which this court has unlimited review. *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

K.S.A. 21-3609 provides that: "Abuse of a child is intentionally torturing, cruelly beating, shaking which results in great bodily

harm or inflicting cruel and inhuman corporal punishment upon any child under the age of 18 years." K.S.A. 21-3414(a)(1)(A) provides that aggravated battery is "[i]ntentionally causing great bodily harm to another person or disfigurement of another person."

"The rule that a more specific statute should prevail over the general statute is merely a rule of interpretation which is used to determine which statute the legislature intended to be applied in a particular case." *State v. Hill*, 16 Kan. App. 2d 280, Syl. ¶ 1, 823 P.2d 201 (1991), *rev. denied* 250 Kan. 806 (1992). When there is no conflict between the statutes because they govern two independent crimes, there is no reason to resort to rules of interpretation to determine which statute governs. *Hill*, 16 Kan. App. 2d at 283. Abuse of a child and aggravated battery are two separate crimes, and a defendant may be convicted of both. See *State v. Young*, 14 Kan. App. 2d 21, 31, 784 P.2d 366, *rev. denied* 245 Kan. 788 (1989). Aggravated battery involves the intent to injure and the actual infliction of bodily harm. Neither of those are required to prove abuse of a child. *In re Berkowitz*, 3 Kan. App. 2d 726, 744, 602 P.2d 99 (1979). Abuse of a child involves cruel and inhuman corporal punishment, intentional torture, cruel beating, or severe shaking of a child under 18. This is a separate crime from aggravated battery, not a more specific version of that offense. The crimes are directed at two different actions. See *State v. Helms*, 242 Kan. 511, 513, 748 P.2d 425 (1988).

Defendant asserts that K.S.A. 21-3609 protects a specific class of victims (children under the age of 18 years) from certain types of physical contact, while K.S.A. 21-3414(a)(1)(A) is a more general statute dealing with a greater variety of conduct. Usually, the general versus specific statute distinction applies in cases such as where one statute generally governs sex crimes and another statute specifically governs those sex crimes against a relative. See *Williams*, 250 Kan. at 736. This is not the factual circumstance here. We are satisfied the district court did not err in denying defendant's motion to dismiss.

## LESSER INCLUDED OFFENSE

Defendant next asserts the district court erred in not instructing

the jury on the offense of abuse of a child because abuse of a child is a lesser included offense of aggravated battery. The court's duty to instruct as to a lesser included offense exists even if the defendant does not request the instruction at trial. K.S.A. 21-3107; *State v. Cummings*, 242 Kan. 84, 91, 744 P.2d 858 (1987).

An included crime is "a crime necessarily proved if the crime charged were proved." K.S.A. 21-3107(2)(d). Defendant asserts that in proving the identity of the victim, the State necessarily proved the victim was defendant's son, who was under 18 years old. According to defendant, to prove the act was intentional, the State showed defendant's conduct was in response to inappropriate behavior by defendant's son. Defendant contends his act of shooting his son, under these circumstances, could rationally have been found to constitute the infliction of "cruel and inhuman corporal punishment" within the meaning of K.S.A. 21-3609.

Kansas courts use a two-prong test to determine whether a crime is a lesser included offense under K.S.A. 21-3107(2)(d). *State v. Fike*, 243 Kan. 365, Syl. ¶ 1, 757 P.2d 724 (1988). First, the court determines if all of the statutory elements of the lesser crime are among the statutory elements required to prove the crime charged. *Fike*, 243 Kan. 365, Syl. ¶ 1. If so, the lesser crime is a lesser included crime of the crime charged. The statutory elements of abuse of a child are not among the statutory elements required to prove aggravated battery. Abuse of a child requires proof that the child is under the age of 18; aggravated battery does not have this age requirement. See *State v. Young*, 14 Kan. App. 2d 21, Syl. ¶ 5. Abuse of a child is not a lesser included offense of aggravated battery under the first prong of *Fike*.

Under the second prong of the *Fike* test, the lesser crime may be a lesser included crime under K.S.A. 21-3107(2)(d) if "the factual allegations of the charging document and the evidence required to be adduced at trial in order to prove the crime charged would also necessarily prove the lesser crime." *Fike*, 243 Kan. 365, Syl. ¶ 1. The factual allegations of the charging document for aggravated battery and the evidence required at trial to prove aggravated battery do not necessarily prove abuse of a child, and neither requires evidence that the victim was under 18 years old. See

*Young*, 14 Kan. App. 2d 21, Syl. ¶ 5. Here, although evidence was produced at trial that the victim was under 18 years old, this information was not required by either the charging document or the elements of aggravated battery. "The mere fact that the evidence adduced in proving the crime charged may also prove some other crime does not make the other crime a lesser included offense under K.S.A. 21-3107(2)(d)." *State v. Gibson*, 246 Kan. 298, 300, 787 P.2d 1176 (1990).

Equally important, an instruction on a lesser included offense is " 'unnecessary where the defendant's testimony precludes a conviction for the lesser offense.' " *State v. Allison*, 16 Kan. App. 2d 321, 325, 823 P.2d 213 (1991) (quoting *State v. Hill*, 242 Kan. 68, 73-74, 744 P.2d 1228 [1987]). Defendant contended at trial that the shooting was accidental; he testified the gun went off when he dropped it on the floor. If the shooting was accidental, as defendant contends, it would not be corporal punishment, and the abuse of a child statute would not apply. There was no duty of the district court to give an instruction on abuse of a child.

## MITIGATION FACTOR

Finally, the defendant claims the sentencing court erred when finding that his lack of prior criminality is not a mitigating factor for sentencing purposes.

Defendant filed a motion for durational and dispositional departure. The court denied defendant's motion and imposed a presumptive sentence. On appeal, defendant alleges the court erred in finding that a lack of prior arrests is not a mitigating factor for sentencing purposes.

Defendant claims K.S.A. 22-3602(a) applies, which provides: "*Except as otherwise provided*, an appeal to the appellate court . . . may be taken by the defendant as a matter of right from any judgment against the defendant in the district court." (Emphasis added). K.S.A. 22-3602(e), however, provides: "For crimes committed on or after July 1, 1993, an appeal by . . . the defendant relating to sentences imposed pursuant to a presumptive sentencing guidelines system as provided in K.S.A. 21-4701 *et seq.* and amendments thereto, shall be as provided in K.S.A. 21-4721

and amendments thereto." Appeal from a sentence imposed for felony offenses committed on or after July 1, 1993, is limited to the grounds specified in K.S.A. 21-4721. *State v. Gonzales*, 255 Kan. 243, 247, 874 P.2d 612 (1994). Defendant's claim that K.S.A. 22-3602(a) somehow controls here is without merit.

For any felony committed on or after July 1, 1993, there is no appellate review of a sentence within the presumptive range for the crime. K.S.A. 21-4721(c)(1); *State v. McCallum*, 21 Kan. App. 2d 40, Syl. ¶ 3, 895 P.2d 1258, *rev. denied* 258 Kan. 862 (1995). Denial of a motion to depart is not appealable when the sentence is within the presumptive sentence grid block. *State v. Miller*, 260 Kan. 892, 899, 926 P.2d 652 (1996); *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶¶ 1, 2, 888 P.2d 866 (1995).

Defendant asserts that *Myers* does not control here. He contends the sentencing court in *Myers* found insufficient evidence in the record to support the application of the mitigating factor, but here the court held as a matter of law that a lack of previous criminality is not a mitigating factor because the matter is already taken into account in the criminal history categorization. Defendant's argument as to why the court erred in denying his motion for departure is not persuasive. This court is simply without jurisdiction to hear this claim unless a statutory exception exists.

This court's jurisdiction to hear an appeal of a presumptive sentence is limited to the grounds specified in K.S.A. 21-4721(a) (departure sentence) and K.S.A. 21-4721(e) (partiality, prejudice, oppression, or corrupt motive, and illegal sentences). *McCallum*, 21 Kan. App. 2d at 46; *State v. Ware*, 262 Kan. 180, Syl. ¶ 2, 938 P.2d 197 (1997).

Defendant's only contention is that K.S.A. 21-4721(e) applies. He asserts his sentence resulted from " 'oppression' due to the failure to allow the defendant to exercise this statutory right." When a defendant receives a presumptive sentence and he or she does not claim an error in crime severity level or criminal history, "there is a strong legislative presumption that the sentence is not the result of partiality, prejudice, oppression, or corrupt motive." *State v. Starks*, 20 Kan. App. 2d 179, Syl. ¶ 9, 885 P.2d 387 (1994). The burden is on a defendant to prove that his or her sentence

was the result of partiality, prejudice, oppression, or corrupt motive. *Starks*, 20 Kan. App. 2d at 183 (citing *State v. Haywood*, 245 Kan. 615, 620-21, 783 P.2d 890 [1989]). Defendant has provided no evidence or argument as to how the sentence was the result of partiality, prejudice, oppression, or corrupt motive, or that the sentence was illegal. Consequently, this court has no jurisdiction to hear defendant's appeal of the sentencing court's denial of his departure request.

Defendant claims this court should follow other state court decisions on this issue. Kansas case law, however, is clear that this court lacks jurisdiction to hear an appeal of a presumptive sentence unless a statutory exception exists. None of those exceptions exist here. There is no need to look to other jurisdictions to resolve this issue.

Affirmed in part and dismissed in part.