(108 P.3d 1007)
No. 92,042

STATE OF KANSAS, *Appellee*, v. MIKEL SIMS, *Appellant*.

Opinion filed March 25, 2005.

*Kimberly K. Bonifas*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellant.

*Douglas P. Campbell*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.

BRAZIL, J.: After entering a plea of no contest, Mikel Sims was convicted of one count of attempted rape of his daughter, S.S., who was under 14 years of age. He now collaterally attacks his sentence. We affirm.

Sims was originally charged with feloniously and intentionally committing the act of sexual intercourse with his daughter, S.S., a child under 14 years of age, contrary to K.S.A. 21-3502.

He subsequently entered into a plea agreement with the State whereby the State agreed to amend the charge from rape to attempted rape in exchange for Sims' agreement to plead no contest to the reduced charge and his agreement to an upward departure of up to twice the maximum presumed sentence for attempted rape

at his criminal history rating. The State also agreed not to file any additional charges against Sims arising out of any other sexual conduct he may have committed against S.S. in the past. On August 7, 1997, the district court found Sims guilty of attempted rape and sentenced Sims in accordance with the parties' plea agreement.

On March 10, 2003, Sims filed a motion to correct sentence. The district court summarily denied his motion.

Sims first contends he should have been charged with attempted aggravated incest rather than attempted rape. He cites *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994), as support for his argument.

In *Carmichael*, the State charged the defendant with rape. The victim was the defendant's daughter. The evidence adduced at trial supported not only rape, but also aggravated incest. The Kansas Supreme Court cited the rule of statutory interpretation that where two statutes are in conflict, the statute that is more specific controls and held that the defendant could only be charged and convicted of aggravated incest (the specific offense) and not rape (the general offense). 255 Kan. at 15, 19.

However, when there is no conflict between two statutes because they govern two independent crimes, there is no reason to resort to such rules of interpretation. *State v. Riles*, 24 Kan. App. 2d 827, 829, 956 P.2d 1346, *rev. denied* 264 Kan. 824 (1998).

Here, at the time Sims committed the offense at issue in this appeal, K.S.A. 1996 Supp. 21-3502(a)(2) provided: "Rape is sexual intercourse with a child who is under 14 years of age."

On the other hand, K.S.A. 21-3603 provided in pertinent part:

"(a) Aggravated incest is: (1) Marriage to a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: Child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece; or

"(2) engaging in: (A) Otherwise lawful sexual intercourse or sodomy as defined by K.S.A. 21-3501 and amendments thereto; or (B) any lewd fondling, as described in subsection (a)(1) of K.S.A. 21-3503 and amendments thereto, with a person who is 16 or more years of age but under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: Child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.".

Sims, in a pro se letter of additional authority submitted to this court, insists that K.S.A. 21-3603 applies in this case. However, it is not asserted anywhere in the record that Sims married S.S. Therefore, K.S.A. 21-3603(a)(1) does not apply. Similarly, K.S.A. 21-3603(a)(2)(A), which includes as aggravated incest "[*o*]*therwise lawful* sexual intercourse or sodomy as defined by K.S.A. 21-3501 and amendments thereto," also does not apply to the case at bar, as rape is expressly enumerated as an "[*u*]*nlawful* sexual act" under K.S.A. 21-3501(4). (Emphasis added.) Finally, K.S.A. 21-3603(a)(2)(B) is also inapplicable to the instant case as that subsection contains the element that the victim be "16 or more years of age but under 18 years of age," while in the present matter it is uncontroverted that S.S. was under 14 years of age at the time of the offense.

Under the facts of this case, Sims could have been charged with attempted rape, but not attempted aggravated incest. Therefore, no conflict exists between the rape statute and the aggravated incest statute in this instance. Accordingly, there is no reason to resort to the rule of statutory interpretation employed in *Carmichael*.

Nevertheless, Sims contends public policy dictates that this court "construe K.S.A. 21-3603 to apply to minor children *without any age restriction*." (Emphasis added.)

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

"Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *G.T., Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001).

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and

unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

Here, as the age restrictions of K.S.A. 21-3603(a)(2)(B) are plain and unambiguous, this court cannot read them out of the statute. Rather, this court must give effect to the legislature's intent as expressed. Sims' public policy argument fails. Sims was properly charged and convicted of attempted rape.

Next, Sims argues that he received ineffective assistance of trial counsel.

"To set aside a plea of nolo contendere on the grounds that ineffective assistance of counsel rendered the plea involuntary and the result was manifestly unjust, a defendant must show that counsel's performance fell below the standard of reasonableness and that there was a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea and would have insisted on going to trial." *State v. Muriithi*, 273 Kan. 952, Syl. ¶ 1, 46 P.3d 1145 (2002).

"Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel must be highly deferential. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation omitted.] To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. [Citation omitted.]" *State v. Betts*, 272 Kan. 369, 387-88, 33 P.3d 575 (2001).

Sims relies on his above argument that he should have been charged with attempted aggravated incest rather than attempted rape and contends his trial counsel erred by not challenging the State's complaint. However, having determined that the charge of attempted aggravated incest is inapplicable to the facts of this case, trial counsel did not err by acquiescing to the State's complaint. Sims' ineffectiveness claim fails. The district court did not abuse its discretion in summarily denying his motion to correct sentence.

Affirmed.