No. 94,388

STATE OF KANSAS, *Appellee*, v. ABRAHAM P. ALDERETE, *Appellant*.

(172 P.3d 27)

Opinion filed December 7, 2007.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Evan C. Watson*, deputy county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

GREENE, J.: Abraham P. Alderete appeals his conviction of abuse of a child, arguing that the district court erred in refusing to give a requested instruction for severity level 7 aggravated battery as a lesser included offense. A majority of the Court of Appeals panel agreed with Alderete, reversing his conviction and remanding for a new trial. We granted the State's petition for review on this issue only. We reverse the Court of Appeals and affirm the district court, concluding that severity level 7 aggravated battery under K.S.A. 21-3414(a)(1)(B) or (a)(1)(C) is not a lesser included offense of abuse of a child under K.S.A. 21-3609.

## Factual and Procedural Overview

In September 2002, Alderete was in the process of moving belongings out of his estranged wife Rita's home when an altercation occurred in the driveway of the home between him and his wife's 17-year-old daughter, T.T. According to T.T., Alderete slammed her head against the bumper of his vehicle, struck her repeatedly on the head and back with a wooden T.V. tray, and lashed her twice with a medium dog leash chain. Rita testified that when she heard T.T.'s screaming, she exited the home only to be "whipped" by Alderete three times with the same dog leash chain. Both T.T. and her mother suffered severe bruising and lacerations as a result of Alderete's actions. He was charged with and convicted of two counts of severity level 7 aggravated battery (one count each for T.T. and Rita) and one count of abuse of a child.

In Alderete's first appeal, he argued that his conviction of abuse of a child should be reversed due to the district court's refusal to instruct on simple battery as a lesser included offense. Relying principally on *State v. Allison*, 16 Kan. App. 2d 321, 823 P.2d 213 (1991), the Court of Appeals reversed the conviction and remanded for a new trial, concluding that the instruction should have been given. The Court of Appeals also noted a "problem" in "bas-

ing two convictions [child abuse and aggravated battery] on the same act of violence." *State v. Alderete*, case No. 90,535, unpublished opinion filed April 2, 2004 (*Alderete I*), slip op. at 9. The Court of Appeals suggested this issue be addressed on retrial.

On remand, a second jury again found Alderete guilty of abuse of a child after the district court refused to give a requested instruction on aggravated battery as a lesser included offense. Based on the dicta from the Court of Appeals opinion in *Alderete I*, the district court dismissed the related count of aggravated battery on T.T. On his appeal of this second conviction, the Court of Appeals majority reversed and remanded for yet another trial, concluding that aggravated battery is a lesser included offense of child abuse. The court reasoned:

"[W]e conclude that the elements of the applicable level of aggravated battery are substantially identical to those of the crime of abuse of a child, even though they are not linguistically identical. It strikes us that one who tortures, cruelly beats, or shakes a child under 18, resulting in great bodily harm or infliction of cruel and inhuman corporal punishment on the child, has also intentionally caused physical contact with that child either with a deadly weapon or in a manner in which great bodily harm, disfigurement, or death could be inflicted." *State v. Alderete*, case No. 94,388, unpublished opinion filed January 12, 2007 (*Alderete II*), slip op. at 7.

Judge Johnson dissented, suggesting that the panel in *Alderete I* implicitly, if not explicitly, found that aggravated battery was not a lesser included offense of abuse of a child by its citation of and reliance on *State v. Riles*, 24 Kan. App. 2d 827, 829, 956 P.2d 1346, *rev. denied* 264 Kan. 824 (1998), where the court held that "[a]buse of a child and aggravated battery are two separate crimes." We granted the State's petition for review on this issue.

### Did the District Court Err in Denying the Defendant's Request for a Jury Instruction on Aggravated Battery as a Lesser Included Offense of Abuse of a Child?

The sole issue before us is whether severity level 7 aggravated battery as defined by K.S.A. 21-3414(a)(1)(B) or (C) is a lesser included offense of abuse of a child as defined by K.S.A. 21-3609. Whether a crime is a lesser included offense is a question of law

over which this court exercises unlimited review. *State v. Hebert*, 277 Kan. 61, 104, 82 P.3d 470 (2004).

Lesser included offenses are defined by K.S.A. 2006 Supp. 21-3107(2) as:

"(a) A lesser degree of the same crime;
"(b) a crime where all elements of the lesser crime are identical to some of the elements of the crime charged;
"(c) an attempt to commit the crime charged; or
"(d) an attempt to commit a crime defined under subsection (2)(a) or (2)(b)."

The State does not contend nor would we conclude that subsections (a), (c), or (d) apply here. The determinative question in this appeal is whether *all* the elements of severity level 7 aggravated battery are identical to *some* of the elements of abuse of a child.

We have recently noted that the proper analysis of whether a crime is a lesser included offense of another crime has changed since the amendment of K.S.A. 21-3107 in 1998. Instead of examining whether the lesser crime is necessarily proven by the factual proof of the primary crime, the strict elements test limits the question to a comparison of the abstract elements of the offenses charged. The current test no longer takes into account the factual nuances of a specific case as they may bear on satisfaction of the statutory elements of both crimes under examination. See *State v. McKissack*, 283 Kan. 721, 727, 156 P.3d 1249 (2007). This statutory change has also undermined some of our case law predating 1998 wherein we conducted a lesser included offense analysis.

Here, we are required to perform a straightforward comparison of the elements of these offenses, *i.e.*, unless *all* the elements of either 21-3414(a)(1)(B) or (C) are identical to *some* of the elements of 21-3609, we must conclude that the former is not a lesser included offense of the latter. The statutory elements of these crimes are as follows:

K.S.A. 21-3609: Abuse of a child

"Abuse of a child is intentionally torturing, cruelly beating, shaking which results in great bodily harm or inflicting cruel and inhuman corporal punishment upon any child under the age of 18 years."

K.S.A. 21-3414: Aggravated battery

"(a) Aggravated battery is:
"(1)(A)
. . . .
(B) intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted; or
(C) intentionally causing physical contact with another person when done in a rude, insulting or angry manner with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted."

Comparing the elements of the respective offenses, and turning first to K.S.A. 21-3414(a)(1)(B), this offense clearly includes as an element "intentionally causing bodily harm." This element is not included in K.S.A. 21-3609, which includes only intentional acts *resulting* in bodily harm. As we explained in *State v. Hupp*, 248 Kan. 644, 653, 809 P.2d 1207 (1991), K.S.A. 21-3609 "does not contain an element of intent to injure; it only requires an intent to do the act which caused injury. [Citation omitted.]" We emphasized that "[a]n intent to injure is not implicit in 'cruelly beating or inflicting cruel and inhuman corporal punishment.' It is the act of hitting and hurting that is made a crime." 248 Kan. at 653. Although the statute has been amended since *Hupp*, an intent to injure is also not implicit in torturing or shaking; based upon the amendments, it is any of the acts of torturing, beating, and shaking that are made a crime. See L. 1995, ch. 251, sec. 12; L. 1993, ch. 291, sec. 60; L. 1992, ch. 298, sec. 37. We note that child abuse may be the result of actions that are not intended to cause injury. See, *e.g.*, Benfer, *Intentional Act, Unintended Injuries: Shaken Child Syndrome Cases*, 31 J.K.T.L.A. 6 (2007). Applying K.S.A. 2006 Supp. 21-3107(2)(b), and finding that an element of 21-3414(a)(1)(B) is not among the elements of 21-3609, we must conclude that the former is not a lesser included offense of the latter.

Examining the elements of K.S.A. 21-3414(a)(1)(C), this offense clearly includes at least two elements that are not included within K.S.A. 21-3609. First, K.S.A. 21-3414(a)(1)(C) includes as an element "physical contact." This element is not an element of K.S.A. 21-3609, which may be committed through a host of methodologies that do not require any physical contact whatsoever, such as starvation, lock-up, or parental ostracism. Second, K.S.A. 21-

3414(a)(1)(C) includes as an element that the contact be "done in a rude, insulting or angry manner." This element is also not an element of 21-3609, which may be committed purely out of frustration with a seemingly uncontrollable child and without any "rude, insulting, or angry" motive whatsoever. Having found that at least two elements of K.S.A. 21-3414(a)(1)(C) are not among the elements of K.S.A. 21-3609, the former is not a lesser included offense of the latter.

The appellant urges us to affirm the Court of Appeals based upon the rationale of *State v. Allison*, 16 Kan. App. 2d 321, where the court concluded that simple battery under K.S.A. 21-3412 is a lesser included offense of abuse of a child. In *Allison*, the court acknowledged that the elements of the two crimes "are not described in identical language" but held that the statutory elements of battery are among the statutory elements required to prove child abuse. 16 Kan. App. 2d at 323. Alderete urges us to apply this reasoning and result, arguing that the difference between battery and severity level 7 aggravated battery is merely the degree of bodily harm caused. For the same reasons that we conclude above that all the elements of aggravated battery are not within the elements of child abuse, we would also conclude that all the elements of simple battery are not within the elements of child abuse. To the extent *Allison* concluded otherwise, it is expressly disapproved, and to the extent *Alderete I* relied on *Allison*, it is also disapproved. Battery is not a lesser included offense of abuse of a child.

Our analysis is consistent with *State v. Riles*, 24 Kan. App. 2d 827, where the Court of Appeals held that abuse of a child is not a lesser included offense of severity level 4 aggravated battery. There the court explained:

"Aggravated battery involves the intent to injure and the actual infliction of bodily harm. Neither of those are required to prove abuse of a child. [Citation omitted.] Abuse of a child involves cruel and inhuman corporal punishment, intentional torture, cruel beating, or severe shaking of a child under 18. This is a separate crime from aggravated battery, not a more specific version of that offense. The crimes are directed at two different actions. [Citation omitted.]" 24 Kan. App. 2d at 829.

See also *State v. Young*, 14 Kan. App. 2d 21, 31, 784 P.2d 366, *rev. denied* 245 Kan. 788 (1989) (convictions for child abuse and ag-

gravated battery do not merge, because abuse of a child requires a showing that the victim was under 18 years of age and aggravated battery does not).

The facts here provide an example of overlapping offenses; the elements necessary to prove abuse of a child and severity level 7 aggravated battery overlap in this case, in that both crimes involve intentional physical contact done in an angry manner which results in great bodily harm. Nevertheless, as we explained in *State v. Schoonover*, 281 Kan. at 498, the notion that there may be a factual overlap between the statutes does not necessarily lead to a conclusion that severity level 7 aggravated battery is a lesser included offense of abuse of a child. Rather, as our application of a strict elements test reveals, severity level 7 aggravated battery contains elements additional to those required to prove abuse of a child. The result is inescapable: severity level 7 aggravated battery under K.S.A. 21-3414(a)(1)(B) or (C) is not a lesser included offense of abuse of a child under K.S.A. 21-3609.

Because severity level 7 aggravated battery is not a lesser included offense of abuse of a child, the district court correctly refused Alderete's request for such an instruction. The Court of Appeals' conclusion to the contrary must be reversed.

DAVIS, BEIER, and JOHNSON, JJ., not participating.

GREENE, AND BUSER, JJ., and LARSON, S.J., assigned.