No. 102,421

STATE OF KANSAS, *Appellee*, v. MICHAEL RAMIREZ, *Appellant*.

(328 P.3d 1075)

Opinion filed April 25, 2014.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Don L. Scott*, county attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Michael Ramirez was charged with kidnapping, aggravated burglary, and endangering a child after breaking into a home and placing a 1-year-old child in a duffel bag, allegedly to kidnap the child. The jury convicted Ramirez on the aggravated burglary and endangering a child counts but opted to convict him of criminal restraint in lieu of the kidnapping count. In a split decision, the Court of Appeals affirmed Ramirez' conviction for the uncharged crime of criminal restraint based upon that crime being a lesser included offense of the charged crime of kidnapping.

*State v. Ramirez*, No. 102,421, 2011 WL 2793219 (Kan. App. 2011) (unpublished opinion). We granted review on the question of whether the district court had jurisdiction to convict Ramirez of criminal restraint as a lesser included offense. We agree with the concurring opinion of the Court of Appeals and hold that criminal restraint is a lesser degree of kidnapping and, therefore, constitutes a lesser included crime under K.S.A. 21-3107(2)(a). Accordingly, we affirm Ramirez' conviction for criminal restraint.

### FACTUAL AND PROCEDURAL OVERVIEW

A detailed recitation of the circumstances giving rise to the kidnapping charge is unnecessary to resolve the purely legal question presented in this appeal. It is enough to know that early on the morning of February 20, 2007, the 1-year-old victim's mother discovered Ramirez in her child's bedroom and that Ramirez had placed her youngest child in a duffel bag, albeit the bag was not moved from the child's bedroom. The mother and her roommate, with whom Ramirez was acquainted, prevented Ramirez from leaving the dwelling until the police arrived to arrest him.

At the close of Ramirez' jury trial, the district court instructed the jury on the elements of kidnapping, which in relevant part were: "One, that the defendant took or confined [the child] by force, threat, or deception. That it was done with the intent to hold such person, to inflict bodily injury, or to terrorize the victim or another." But, without any objection, the jury was also given a lesser included offense instruction on criminal restraint, the relevant elements of which were "that the defendant knowingly and without authority restrained [the child] so as to interfere substantially with his liberty." The jury convicted Ramirez of the lesser crime of criminal restraint.

On appeal, Ramirez challenged the trial court's jurisdiction to convict him of the uncharged crime of criminal restraint. Specifically, Ramirez contended that under the strict elements test adopted in *State v. Schoonover*, 281 Kan. 453, 505, 133 P.3d 48 (2006), criminal restraint is not a lesser included crime of kidnapping. Under the strict elements test, the abstract elements of a putative lesser crime are strictly compared to the abstract elements

of the charged offense. To attain lesser included offense status under the strict elements test, all of the elements of the lesser crime must be identical to some of the elements of the charged crime. *State v. Alderete*, 285 Kan. 359, 362, 172 P.3d 27 (2007). Ramirez claimed that because criminal restraint contained an ·element not included within kidnapping, it was not a lesser included offense under *Schoonover*.

A majority of the three-judge Court of Appeals panel found criminal restraint to be a lesser included crime of kidnapping, albeit for different reasons. The principal opinion noted that the statutes defining kidnapping and criminal restraint use different language to describe the prohibited conduct. But the judge opined that the meaning of the language is identical for purposes of doing a *Schoonover* comparison. *Ramirez*, 2011 WL 2793219, at *9. Specifically, the judge found that the phrase " 'so as to interfere substantially with such person's liberty' " in the criminal restraint statute is equivalent to the kidnapping statute's prohibition of " 'taking or confining a person, accomplished by force, threat or deception,' " making all of criminal restraint's elements identical to some of kidnapping's elements. 2011 WL 2793219, at *9. That opinion also noted that even after *Schoonover*, our Supreme Court had recognized criminal restraint as a lesser included crime of kidnapping in *State v. Simmons*, 282 Kan. 728, 742, 148 P.3d 525 (2006). *Ramirez*, 2011 WL 2793219, at *10.

The concurring opinion found it unnecessary to compare elements because criminal restraint is a lesser *degree* of the crime of kidnapping. Pursuant to K.S.A. 21-3107(2)(a), a lesser degree of a crime is defined as a lesser included crime. 2011 WL 2793219, at *13-14 (Atcheson, J., concurring).

Dissenting in part, Chief Judge Greene employed the same strict elements test used by the majority opinion but reached a different result. The dissent read the criminal restraint statute as requiring two elements not included in the statutory definition of kidnapping, namely, that the confinement be " 'without legal authority' " and " 'so as to interfere substantially with such person's liberty.' " 2011 WL 2793219, at *11 (Greene, C.J., concurring in part and dissenting in part). Moreover, the dissent noted that criminal re-

straint can be accomplished without force, fear, or threat, at least one of which is required by the statutory definition of kidnapping. Accordingly, the dissent would have held that all of the elements of criminal restraint are not identical to some of the elements of kidnapping; therefore, criminal restraint is not a lesser included crime of kidnapping; and, consequently, Ramirez' conviction for the uncharged offense of criminal restraint should be reversed. 2011 WL 2793219, at *11-13 (Greene, C.J., concurring in part and dissenting in part).

We granted Ramirez' petition for review to address the lesser included crime issue.

### CRIMINAL RESTRAINT IS A LESSER INCLUDED CRIME OF KIDNAPPING

*Standard of Review*

Whether a trial court has jurisdiction is a question of law subject to unlimited review. *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999). Likewise, whether a crime is a lesser included offense of another crime is a question of law subject to unlimited review. *State v. Parks*, 294 Kan. 785, 802, 280 P.3d 766 (2012).

*Analysis*

Ramirez was charged with kidnapping but convicted of criminal restraint. Generally, a district court lacks jurisdiction to convict a defendant of a crime that was not charged in the complaint. The complaint, or other charging document, is the jurisdictional instrument that delineates the district court's authority to convict a defendant of the crimes set forth in the charging document. *Carmichael v. State*, 255 Kan. 10, 12, 872 P.2d 240 (1994). " 'An information is the only vehicle by which a court obtains its jurisdiction, and is a limit upon that jurisdiction. Therefore, where the information charges no crime, the court lacks jurisdiction to try the accused.' " 255 Kan. at 13 (quoting 22 C.J.S., Criminal Law § 157, p. 188).

Procedural due process also requires that a criminal defendant have notice of the specific charges asserted against him or her so that the defendant has an opportunity to defend against the stated

charges. See *Wisner v. State*, 216 Kan. 523, 524, 532 P.2d 1051 (1975). Therefore, convicting a defendant of a charge not contained in the complaint and not properly before the district court is a clear violation of due process under the Fourteenth Amendment to the United States Constitution. *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983).

K.S.A. 21-3107 provides an exception to the rule that a defendant can only be convicted of the specific crime charged in the complaint. It states that a defendant may be "convicted of either the crime charged *or* a lesser included crime, but not both." (Emphasis added.) K.S.A. 21-3107(2). The statute codifies the common-law rule that when an indictment charges an offense that includes within it a lesser offense or an offense of a lower degree of the same general class, the accused may be convicted of the lesser offense. 4 Anderson, Wharton's Criminal Law and Procedure § 1799 (1957); see *State v. Terreso*, 56 Kan. 126, 128, 42 P. 354 (1895). The presumed rationale for this exception is that the charging of the greater offense satisfies the notice requirements for the lesser offense and the defendant is therefore afforded due process. See *State v. Daniels*, 223 Kan. 266, 271-72, 573 P.2d 607 (1977).

Here, because Ramirez was not charged with criminal restraint, the only means by which the district court could have obtained jurisdiction to convict him of that crime is as a lesser included offense of the charged crime of kidnapping. K.S.A. 21-3424 defines criminal restraint as "knowingly and without legal authority restraining another person so as to interfere substantially with such person's liberty." Kidnapping is

"the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:
  (a) for ransom, or as a shield or hostage;
  (b) to facilitate flight or the commission of any crime;
  (c) to inflict bodily injury or to terrorize the victim or another; or
  (d) to interfere with the performance of any governmental or political function."
K.S.A. 21-3420.

This court has historically treated criminal restraint as a lesser included crime of kidnapping. See *State v. Wiggett*, 273 Kan. 438, 449-50, 44 P.3d 381 (2002) (acknowledging criminal restraint is

lesser included crime of kidnapping but finding no error in failing to instruct jury when there was no factual question that defendant acted with specific intent to take baby in order to facilitate commission of crime); *State v. Carter*, 232 Kan. 124, 126, 652 P.2d 694 (1982) (refusal to instruct on criminal restraint as lesser included crime of kidnapping was error where evidence raised factual issue as to whether defendant had capacity to form specific intent required for kidnapping conviction); *State v. Dunn*, 223 Kan. 545, 547-48, 575 P.2d 530 (1978) (no specific intent required for criminal restraint; however, lesser included offense instruction not required because no legitimate factual issue as to whether defendant had capacity to form specific intent required for kidnapping conviction); *State v. Buggs*, 219 Kan. 203, 217, 547 P.2d 720 (1976) (instruction on lesser included crime of criminal restraint not required when defendant possessed the requisite specific intent to commit kidnapping).

But none of these cases discussed the basis for determining that criminal restraint was a lesser included crime of kidnapping. When not dealing with an attempt, there are two ways to establish a crime as a lesser included offense: "A lesser degree of the same crime"; or "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged." K.S.A. 21-3107(2)(a) and (b). The Court of Appeals majority and dissent focused on the elements test in subsection (b) without discussing whether criminal restraint and kidnapping were different degrees of the same crime within the meaning of subsection (a).

The concurring judge avoided his colleagues' dispute over whether all of the elements of criminal restraint are conceptually identical to some of the elements of kidnapping and ignored the more fundamental question of whether this court would embrace conceptual, rather than literal, identity. *Cf. State v. Cooper*, 285 Kan. 964, 967, 179 P.3d 439 (2008) (using drug paraphernalia to manufacture methamphetamine not identical to manufacturing methamphetamine notwithstanding that, conceptually, paraphernalia must be used to manufacture methamphetamine). Instead, the concurrence observed that criminal restraint and kidnapping involved "[s]ubstantially the same overt conduct—restraint of the

victim's movement or confinement"—and concluded that the "commonality of such a fundamental aspect of the statutory offenses," together with the "close common law ancestry" of the two crimes, proved its thesis that "they are degrees of the same crime." *Ramirez*, 2011 WL 2793219, at *14 (Atcheson, J., concurring). Accordingly, the concurring opinion resolved the matter by applying subsection (a) of K.S.A. 21-3107(2). We will take that tack, as well.

K.S.A. 21-3107(2)(a) does not explain what constitutes a "lesser degree of the same crime." But we do know that our caselaw has not required that the lesser crime be specifically designated as a "degree" of the charged crime, such as second-degree murder being a lesser included crime of first-degree murder. See, *e.g.*, *State v. Jefferson*, 297 Kan. 1151, 1170, 310 P.3d 331 (2013) (criminal discharge of firearm is lesser degree crime of criminal discharge of firearm at occupied dwelling); *State v. Bridges*, 297 Kan. 989, 1020-21, 306 P.3d 244 (2013) (involuntary manslaughter is lesser degree crime of reckless second-degree murder); *State v. Cheever*, 295 Kan. 229, 258, 284 P.3d 1007 (2012) (recognizing "following homicide degree crimes, in descending order: first-degree murder, second-degree murder, voluntary manslaughter, and involuntary manslaughter"); *State v. Long*, 234 Kan. 580, 591-92, 675 P.2d 832 (1984), *disapproved on other grounds State v. Keeler*, 238 Kan. 356, 710 P.2d 1279 (1985) (theft under K.S.A. 21-3701(a)(1) is lesser included offense of robbery). Regardless of how a crime is labeled, "[t]he degree of a criminal offense denotes the division or classification of one specific offense into grades, one particular grade being more or less culpable than another grade." 21 Am. Jur. 2d, Criminal Law § 19, p. 132; see also Black's Law Dictionary 489 (9th ed. 2009) (definition "degree of crime"). The more difficult inquiry is the "same crime" designation.

As noted, the Court of Appeals concurrence included the commonality of the overt conduct proscribed by the two crimes as part of the "same crime" analysis. We have precedent to support utilizing the gravamen of the prohibited conduct as part of the calculus. In that vein, *State v. Gregory*, 218 Kan. 180, 183, 542 P.2d 1051 (1975), held that involuntary manslaughter was a " 'lesser degree of the same crime' " of murder pursuant to the lesser included

offense statute, even though they might appear to be different crimes and even though manslaughter might contain elements not required for a murder conviction. Looking at the "broader sense," *Gregory* held that " 'they involve but one crime and are only degrees of felonious homicide.' " 218 Kan. at 183 (quoting Warren on Homicide § 83, pp. 415-16).

Similarly, *Long* found that theft was not a lesser included crime of robbery under the "same elements" test of K.S.A. 21-3107(2)(d) (Ensley 1981) because the specific intent element required to prove theft was not required to establish the elements of robbery. 234 Kan. at 590. Nevertheless, *Long* held that under K.S.A. 21-3107(2)(a) (Ensley 1981), theft was a "lesser degree" of the same crime that embraced robbery:

"The unlawful taking of the property of another is the gravamen of both offenses. Robbery is the greater of the two offenses as it is characterized as a 'crime against persons' in our criminal code and carries a higher penalty. Robbery requires the additional elements that the taking be accomplished by force or threat of bodily harm from the person or presence of another. A criminal intent is inferred when these elements are present." 234 Kan. at 592.

With that support in mind, we agree with the notion that the gravamen of both crimes—criminal restraint and kidnapping—is the restraint or confinement of the victim. Kidnapping is simply graded higher, *i.e.*, involves more culpability, because it requires the perpetrator to effect the restraint or confinement by force, threat, or deception with the specific intent to accomplish a particular illegal purpose.

Moreover, as the Court of Appeals concurrence explained, the two crimes were spawned from the same common-law crime, *i.e.*, false imprisonment. "False imprisonment, sometimes called criminal restraint or unlawful imprisonment, is committed when a defendant so restrains another person as to interfere substantially with his liberty." 2 Wharton's Criminal Law § 206, p. 489 (15th ed. 1994). The statutory definition of criminal restraint in K.S.A. 21-3424 "substantially replicates the common-law offense of false imprisonment." *Ramirez*, 2011 WL 2793219, at *15 (citing 2 Wharton's Criminal Law § 206, p. 489 and 32 Am. Jur. 2d, False Imprisonment § 155, p. 180 [2007]). Further connecting the dots, the

common-law crime of kidnapping was considered an "aggravated form of false imprisonment." 2 Wharton's Criminal Law § 207, p. 492; see also *Midgett v. State*, 216 Md. 26, 38, 139 A.2d 209 (1958); *State v. Knighton*, 518 S.W.2d 674, 677 n.2 (Mo. App. 1975). Kidnapping, "by statute, may still be regarded as an aggravated form of false imprisonment." 2 Wharton's Criminal Law § 207, p. 493.

Finally, we see nothing in the statutory history of the two crimes that would convince us that they are not degrees of the same crime. Previously, kidnapping was separated into three degrees, each of which required a taking or confinement. See G.S. 1949, 21-449; G.S. 1949, 21-450; G.S. 1949, 21-451. Kidnapping in the first degree required the additional elements of either intent to obtain a ransom or bodily harm to the kidnapped person. G.S. 1949, 21-449. Kidnapping in the second degree required an intent to remove or actual removal of the kidnapped person from the state or secret confinement within the state against the person's will. G.S. 1949, 21-450. Kidnapping in the third degree required a victim under the age of 12 and the intent to conceal the victim from his or her parent or guardian. G.S. 1949, 21-451. The object of these laws was to "secure the personal liberty of citizens and to secure to them the assistance of the law necessary to release them from unlawful restraint." *State v. Brown*, 181 Kan. 375, 387, 312 P.2d 832 (1957). Notably, the lesser degrees of kidnapping also provided for correspondingly less severe sentences. See *State v. Fike*, 243 Kan. 365, 367, 757 P.2d 724 (1998) (Generally, a lesser offense refers to a crime which carries a lesser penalty than the penalty for the crime charged.).

In 1969, our legislature adopted a new Kansas Criminal Code that did not define kidnapping in degrees. Rather, the Code contained separate criminal provisions for the various related crimes, such as kidnapping, aggravated kidnapping, interference with parental custody, interference with custody of a committed person, and unlawful restraint. See L. 1969, ch. 180, secs. 21-3420, 21-3421, 21-3422, 21-3423, and 21-3424. But that recodification does not suggest that the legislature intended to destroy the commonality between kidnapping and criminal restraint that makes them degrees of the same crime.

To conclude, we hold that criminal restraint constitutes a lesser degree of the crime of kidnapping; as a lesser degree of the same crime, K.S.A. 21-3107(2)(a) defines criminal restraint as a lesser included crime of kidnapping; and, therefore, the district court had jurisdiction to convict Ramirez of the uncharged crime of criminal restraint as a lesser included crime of the charged crime of kidnapping. Accordingly, we affirm the result of the Court of Appeals opinion, which, in turn, affirmed Ramirez' conviction for criminal restraint.

Affirmed.