(839 P.2d 551)

No. 66,867

STATE OF KANSAS, *Appellee*, v. EARL D. CHANDLER, *Appellant*.

—

Opinion filed October 16, 1992.

*Kathleen A.K. Levy*, special appellate defender, and *Robert B. Neill*, legal intern, of Kansas Defender Project, of Lawrence, and *Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, of Topeka, for appellant.

*Kerwin L. Spencer*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before BRISCOE, C.J., Rees and GERNON, JJ.

REES, J.: This is a direct appeal by defendant Earl D. Chandler from his jury convictions and sentences for (1) aggravated incest in violation of K.S.A. 21-3603, (2) indecent liberties with a child in violation of K.S.A. 1991 Supp. 21-3503, and (3) aggravated criminal sodomy in violation of K.S.A. 21-3506. F.C., Chandler's 13-year-old biological daughter, was the victim of each of the three offenses alleged in the complaint. We reverse the convictions for indecent liberties with a child and for aggravated criminal sodomy and vacate the sentences imposed thereon. We affirm the conviction and sentence for aggravated incest.

In regard to the offense of aggravated incest, Chandler was convicted on the State's factual allegation that "on or about August, 1990 . . . [he engaged] in a prohibited sexual act, to-wit: sexual intercourse; with a person under 18 years of age, to-wit: [F.C.] . . ., knowing her to be related to him as a biological, step, or adoptive child." Thus, Chandler was convicted of aggravated incest under that part of K.S.A. 21-3603 which reads:

"(1) Aggravated incest is . . . engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child . . . .
"(2) The following are prohibited acts under subsection (1):
(a) Sexual intercourse [or] sodomy . . . ."

In regard to the offense of indecent liberties with a child, Chandler was convicted on the State's factual allegation that "on or about August, 1990 . . . [he engaged] in the act of sexual intercourse with a child, to-wit: [F.C.] . . . who was under 16 years of age and not his spouse." Thus, Chandler was convicted of indecent liberties with a child under that part of K.S.A. 1991 Supp. 21-3503 which reads: "(1) Indecent liberties with a child is engaging in any of the following acts with a child who is under 16 years of age: (a) Sexual intercourse . . . ."

In regard to the offense of aggravated criminal sodomy, Chandler was convicted on the State's factual allegation that "on or about August, 1990 . . . [he engaged] in oral copulation with a child, to-wit: [F.C.] . . . under 16 years of age and not his spouse, to-wit: Earl Chandler placed his penis in [F.C.'s] mouth." Thus, Chandler was convicted of aggravated criminal sodomy under that part of K.S.A. 21-3506 which reads:

"Aggravated criminal sodomy is:
"(a) Sodomy with a child who is not married to the offender and who is under 16 years of age."

and that part of K.S.A. 1990 Supp. 21-3501 which reads:

"(2) 'Sodomy' means oral . . . copulation . . . ."

Chandler's conduct as alleged in the indecent liberties with a child count of the complaint and, by the jury verdict, proved, also fell within the proscribed conduct denominated by K.S.A. 21-3603 as aggravated incest.

Beyond that, Chandler's conduct as alleged in the aggravated criminal sodomy count of the complaint and, by the jury verdict, proved, also fell within the proscribed conduct denominated by K.S.A. 21-3603 as aggravated incest.

*State v. Williams*, 250 Kan. 730, 737, 829 P.2d 892 (1992), has established that "where a defendant is related to the victim as set forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." Therefore, on the authority of *Williams*, Chandler's conviction for indecent liberties with a child cannot stand; it must be reversed and the sentence imposed thereon vacated.

The *Williams* opinion discloses that in reaching its decision the Supreme Court followed the principle that where a general statute and a specific statute are both applicable to the same wrongful conduct, the specific statute prevails over the general statute and the specific statute controls. As a matter of logic, application of the same general/specific statute principle to Chandler's aggravated criminal sodomy conviction requires its reversal and vacation of the sentence thereon. On proof of the facts alleged in the aggravated criminal sodomy and aggravated incest counts of the complaint, Chandler's conduct fell within the proscriptions of both the aggravated criminal sodomy statute and the aggravated incest statute. By its language, the aggravated incest statute concerns those situations in which the victim is a relative of the offender while the aggravated criminal sodomy statute is not so limited.

We are persuaded that here the aggravated criminal sodomy statute must be considered to be a general statute and the aggravated incest statute must be considered to be a specific statute, with the wrongful conduct of Chandler factually alleged in the aggravated criminal sodomy count of the complaint also being conduct statutorily proscribed as aggravated incest. When the general/specific statute principle is applied as the Supreme Court did in *Williams*, the result is that Chandler could not be convicted of aggravated criminal sodomy. His conviction for aggravated criminal sodomy must be reversed and the sentence thereon vacated.

The State concedes that if controlling effect is given to *Williams*, reversal of the indecent liberties with a child and the aggravated criminal sodomy convictions is required. However, the State urges that *Williams* should not be given retroactive effect. We disagree. "In Kansas, a judicial decision will be applied retroactively unless it establishes a new rule of law, retroactive application would not further the principle on which the decision is based, and retroactive application would cause substantial hardship or prejudice." *Stewart v. Kansas Dept. of Administration*, 15 Kan. App. 2d 636, 641, 813 P.2d 930 (1991). See *In re Estate of McDowell*, 245 Kan. 278, 281-82, 777 P.2d 826 (1989); *Giles v. Adobe Royalty, Inc.*, 235 Kan. 758, 763-66, 684 P.2d 406 (1984). Further, we are not shown that application of *Williams* here amounts to retroactive application of case or statutory law. Instead, application of the general/specific statute principle in both *Williams* and this case merely amounts to the application of a longstanding principle to circumstances, that is, facts, differing from those previously addressed in other cases. It may not be correctly said that either *Williams* or our decision in this case constitutes retroactive application of case or statutory law. No new law is pronounced in either *Williams* or our decision here.

With Chandler's convictions for indecent liberties with a child and for aggravated criminal sodomy reversed, only his conviction for aggravated incest remains. That being so, Chandler's complaint of multiplicitous convictions is moot and will not be addressed.

The State argues the general/specific statute principle, addressed and applied in *Williams*, raises an issue that cannot now be raised by Chandler for the first time on appeal. The State relies on *State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), and *State v. Little*, 201 Kan. 94, 99-100, 439 P.2d 387 (1968). Neither *Hutchcraft* nor *Little* provides support to the State. *Hutchcraft* addressed the trial court's failure to instruct the jury on aggravated sexual battery (K.S.A. 21-3518) as a lesser included offense of rape (K.S.A. 21-3502). *Little* dealt with the failure to interpose an objection to jury instructions.

Although the challenged issue is newly and for the first time raised on appeal, a question raised for the first time on appeal may be considered when necessary to serve the ends of justice

or to prevent denial of fundamental rights. *State v. Clemons*, 251 Kan. 473, 483, 836 P.2d 1147 (1992).

Further, the challenged issue was brought to the attention of the State and this court by a motion by Chandler for summary disposition under Rule 7.041 (1991 Kan. Ct. R. Annot. 34). The *Williams* opinion was filed after trial of this case and after Chandler's notice of appeal and appellate brief had been filed. We granted the parties leave to file supplemental briefs responding to and addressing the issue. The parties have filed responses. We perceive no sufficient reason to prolong disposition of this case. The State has had a full opportunity to make its position known. *Williams* was not case authority available to the defense and the trial court when this case was pending and tried before the trial court.

Lastly, Chandler complains the trial court erroneously refused to admit evidence proffered by him as rebuttal of evidence introduced by the State concerning previous sexual conduct of F.C. We need not address this question at length.

The crimes for which Chandler was prosecuted are all within the purview of the Kansas "rape shield" statute. K.S.A. 21-3525(1). Within that statute, it is provided:

"In any prosecution for [indecent liberties with a child, aggravated criminal sodomy, or aggravated incest], *the prosecuting attorney may introduce evidence concerning any previous sexual conduct of the complaining witness*, and the complaining witness may testify as to any such previous sexual conduct. *If such evidence* or testimony *is introduced, the defendant may . . .* offer *relevant evidence limited specifically to the rebuttal of such evidence* or testimony introduced by the prosecutor or given by the complaining witness." (Emphasis added.) K.S.A. 21-3525(3).

The standard of review in cases dealing with the rape shield statute is as follows:

" 'Because the statute makes relevancy the touchstone of admissibility of the evidence, the same standard of review applies to decisions made under this statute as applies to appellate review of any other question involving the relevancy of evidence: decisions regarding the relevancy of evidence rest within the sound discretion of the trial court, and the trial court's decision should not be set aside absent a showing of abuse of discretion.' " *State v. Bressman*, 236 Kan. 296, 300, 689 P.2d 901 (1984) (quoting *In re Nichols*, 2 Kan. App. 2d 431, 433, 580 P.2d 1370, *rev. denied* 225 Kan. 844 [1978]).

No sufficient purpose is to be served by repetition of the now-pertinent testimony heard by the jury in the course of the State's case in chief or that proffered by Chandler as rebuttal and rejected by the trial court. Present purposes are served by observing that the substance of the argument now made by Chandler is that as a matter of law the trial court erred in refusing to admit Chandler's evidence proffered as rebuttal.

Assuming the testimonial evidence heard by the jury during the State's case in chief concerned F.C.'s previous sexual conduct, there remains the question whether the trial court erred in rejecting the testimonial evidence proffered as rebuttal by Chandler; that is, whether it should have been admitted as a matter of law. We are unable to agree with Chandler that reversible error occurred. K.S.A. 21-3525(3) and *Bressman* instruct that admissibility of previous sexual conduct rebuttal evidence is to be determined by the trial court upon the exercise of its discretion. Absent abuse of discretion, the action of the trial court controls. On appeal, Chandler has wholly failed to carry his burden to affirmatively establish that the trial court abused its discretion. It cannot be said that no reasonable person would agree with the trial court. We will not disturb the trial court's decision. *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988); *State v. Grimsley*, 15 Kan. App. 2d 441, 447, 808 P.2d 1387 (1991).

Conviction and sentence for aggravated incest affirmed. Convictions for indecent liberties with a child and for aggravated criminal sodomy reversed and sentences vacated.