IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,951

STATE OF KANSAS,
*Appellee*,

v.

SCOT E. BACON II,
*Appellant.*

SYLLABUS BY THE COURT

On these facts, a remand for the district court to inquire into a potential conflict between the defendant and his appointed attorney is unnecessary because the defendant retained a new attorney for trial; he does not claim his trial attorney was ineffective; and he does not otherwise identify any prejudice flowing from the failure to inquire.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 2, 2017. Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 28, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Cooper G. Overstreet*, of The Swain Law Office, of Lawrence, argued the cause, and *Sarah G. Swain* and *James W. Fuller*, legal intern, of the same firm, were on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Marc Bennett,* district attorney, and *Derek Schmidt,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Scot E. Bacon II petitioned for review of the Court of Appeals' holding that his pro se motion quoting KRPC 1.3 of the Kansas Rules of Professional

1

Conduct (KRPC) (2019 Kan. S. Ct. R. 298) did not trigger the Sedgwick County District Court's duty to inquire into a potential conflict between Bacon and his appointed attorney. We assume error but affirm because Bacon retained new counsel for trial; he does not claim his trial attorney was ineffective; and he has not otherwise identified any prejudice flowing from the error. In short, Bacon got the remedy he sought—new counsel for trial—and on this record, there is no showing of prejudice.

One evening in August 2014, an officer stopped Bacon and a young woman for jaywalking in Sedgwick County. The officer soon discovered that the young woman was a 17-year-old minor and an active runaway. She told the officer that Bacon had driven her to solicit prostitution on Broadway Street the last few nights. Bacon later admitted this was true but insisted that the prostitution was her idea, even though the money went to him.

The State charged Bacon with one count of aggravated human trafficking. See K.S.A. 2014 Supp. 21-5426(b)(4). The district court determined Bacon was indigent and appointed a public defender, James Mamalis, to represent him.

Mamalis continued Bacon's preliminary hearing seven times between August and November 2014. Then on December 1, 2014, Bacon filed a handwritten pro se "Motion for Diligence," which contained a copy of KRPC 1.3 and part of the accompanying comments. See KRPC 1.3 (2019 Kan. S. Ct. R. 298). The motion read in its entirety:

"K.R.P.C. 1.3 Motion For Diligence

"A Lawyer Shall Act with Reasonable diligence and promptness in representing a Client.
"1) A lawyer should pursue a matter [on behalf] of a client despite opposition obstruction or personal inconvenience to the lawyer and may take whatever Lawful and ethical measures are required to vindicate [a] clients cause or endeavor a lawyer should act with commitment and dedication to the interest of the client and with zeal in advocacy upon

2

the Clients behalf. However a lawyer in [*sic*] not bound to press for every advantage that might be realized for a client. A Lawyer has professional discretion in determining the means by which a matter should be pursued[.] See Rule 1.2[.] A lawyers work load should be controlled so that each matter can be handled adequately. 2) Perhaps no professional shortcoming is more widely resented than procrastination. A clients interest often can be adversely affected by the passage of time or the change of conditions in extreme instances as when a lawyer overlooks A Statute of limitations the clients legal position May be destroyed even when the cliens [*sic*] interests are not affected in substance However unreasonable delay can cause A client needless Anxiety and undermind [*sic*] Confidence in the lawyers Trustworthiness. 3) unless the relationship is terminated as provided in rule 1.16 A lawyer should carry through to conclusion all matters under-taken for a client if a lawyers employment is limited to specific matters the relationship terminates when the matter has been resolved."

A week later, Bacon filed the same pro se motion again. The district court mailed a copy of the motion to Mamalis and the State. The court advised Mamalis by letter, "We await further direction from you as to how to proceed on this matter." But the record suggests no further action was taken.

Mamalis continued Bacon's preliminary hearing three more times before it was conducted in February 2015. After that, Mamalis continued the trial three times until it was finally set for September 2015.

Then Bacon retained private counsel, Sarah Swain, a week and a half before trial. Swain moved to continue the trial but the court denied the motion. A few days before trial, the State amended its complaint by replacing the single count of aggravated human trafficking with two counts of commercial sexual exploitation of a child. See K.S.A. 2014 Supp. 21-6422(a)(4). The case went to trial and the jury found Bacon guilty of one count of commercial sexual exploitation of a child.

Swain later filed a motion for new trial based, in part, on the district court's failure to inquire into Bacon's pro se motions voicing dissatisfaction with Mamalis. The court denied this motion, stating the issue was not timely raised, and regardless, Bacon's pro se documents did not convey a request for new counsel. The court sentenced Bacon to 100 months' imprisonment.

The Court of Appeals affirmed Bacon's conviction. *State v. Bacon*, No. 114,951, 2017 WL 2403355 (Kan. App. 2017) (unpublished opinion). Relevant here, the panel held Bacon's pro se motions quoting KRPC 1.3 did not allege dissatisfaction with Mamalis. 2017 WL 2403355, at *15-16. The panel reasoned:

> "Bacon's letters fall far short of 'an articulated statement of attorney dissatisfaction,' let alone meet the requirement of 'justifiable dissatisfaction.' See *Brown*, 300 Kan. at 575. Although courts should liberally construe pro se pleadings to give effect to their content, '[l]iberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.' *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). To construct Bacon's letters as alleging dissatisfaction with Mamalis would require this court to deduce Bacon's dissatisfaction based on the fact he quoted the rule about attorney diligence. In other words, to construct Bacon's letters as alleging dissatisfaction with Mamalis would require this court to make up arguments for Bacon. Clearly, this court is prohibited from taking such action.
>
> "Consequently, Bacon never alleged dissatisfaction with Mamalis within the letters sent to the trial court. Because he never alleged dissatisfaction with Mamalis, the trial court never had a duty to inquire about Bacon's dissatisfaction with Mamalis' representation." 2017 WL 2403355, at *15.

We granted review of one issue: whether Bacon's pro se motions triggered the district court's duty to inquire into his dissatisfaction with Mamalis. Bacon asks us to reverse the Court of Appeals and remand for further proceedings.

Our state and federal constitutions guarantee a criminal defendant the right to effective assistance of counsel, and a district court's duty to inquire into a potential conflict with counsel derives from this right. *State v. Brown*, 300 Kan. 565, 574-75, 577, 331 P.3d 797 (2014). A defendant seeking substitute counsel "must show justifiable dissatisfaction with his or her appointed counsel, which can be demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant." 300 Kan. 565, Syl. ¶ 3. The defendant "bears the responsibility of providing an articulated statement of attorney dissatisfaction," which will trigger the district court's duty to inquire about the potential conflict. 300 Kan. 565, Syl. ¶ 4. A district court abuses its discretion when it fails to inquire about a potential conflict made known to it. *State v. Bowen*, 299 Kan. 339, 346, 323 P.3d 853 (2014).

Bacon claims his "Motion for Diligence" was an articulable statement of dissatisfaction, which triggered the district court's duty to inquire into a potential conflict with Mamalis. Today, we assume without deciding that he is correct. Thus, we assume the district court abused its discretion when it failed to inquire about Bacon's dissatisfaction with Mamalis, as voiced in his pro se motion.

Generally, the failure to inquire warrants a remand to the district court to determine whether a conflict existed, and if so, whether the conflict adversely affected the attorney's performance. See *Brown*, 300 Kan. at 578. But here a remand is unnecessary because Bacon obtained the remedy he sought—new counsel—and has not otherwise identified any prejudice flowing from the error. We also note that prejudice is not presumed on these facts. See, e.g., *Bowen*, 299 Kan. at 346 (holding prejudice is presumed and automatic reversal is required "only when the circumstances present: [1] multiple concurrent representations; [2] a timely objection, meaning an objection before or during the proceeding; and [3] a failure of the district court to inquire and determine there is no conflict").

Bacon claims an actual conflict existed and the district court should have appointed new counsel for him when he voiced his complaint. That may be so. But there is a problem: Bacon availed himself of self-help and retained Sarah Swain before trial. At most, Swain's trial preparation was delayed. But Bacon does not claim that her performance was ineffective or that the delay caused any trial error. Because Bacon retained new counsel and fails to show how the delay in obtaining new counsel prejudiced him at trial, there is nothing to remedy on remand. See *Louis v. State*, No. 109,082, 2013 WL 5870165, at *3 (Kan. App. 2013) (unpublished opinion) (holding the defendant could not prevail on his ineffective assistance of counsel claim against his first appointed attorney because the district court appointed a new attorney for trial and the defendant failed to establish prejudice); *State v. Edwards*, No. 106,278, 2012 WL 6061554, at *6 (Kan. App. 2012) (unpublished opinion) (holding a remand to investigate an ineffective assistance of counsel claim against the defendant's first appointed attorney "would serve no legal purpose" because the district court granted the defendant's request to appoint a new attorney before the hearing).

On the unique facts of this case, Bacon's alleged conflict with Mamalis did not adversely affect Swain's trial performance or otherwise prejudice Bacon in any way. Thus, we affirm the Court of Appeals as right for the wrong reason. See *Atkins v. Webcon*, 308 Kan. 92, 102, 419 P.3d 1 (2018).

Affirmed.