IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,944

STATE OF KANSAS,
*Appellee*,

v.

LARRY LAVERNE TOOTHMAN,
*Appellant*.

SYLLABUS BY THE COURT

1.

When an appellate court raises a new issue sua sponte, counsel for all parties should be afforded a fair opportunity to brief the new issue and to present their positions to the appellate court before the issue is finally determined.

2.

Since 1993, the aggravated incest statute criminalizes "[o]therwise lawful sexual intercourse or sodomy" with certain prohibited persons. K.S.A. 2011 Supp. 21-5604(b)(2)(A). Under this definition, aggravated incest is not a more specific crime than aggravated criminal sodomy or rape, which can never be "[o]therwise lawful."

3.

Criminal sodomy, as defined in K.S.A. 2011 Supp. 21-5504(a)(3), is not a lesser included offense under K.S.A. 21-3107(2)(b) of aggravated criminal sodomy, as defined in K.S.A. 2011 Supp. 21-5504(b)(3)(A).

1

4.

The jury instruction, "Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions," is legally correct and does not prevent a jury from exercising its power of nullification.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 9, 2017. Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed September 6, 2019. Judgment of the Court of Appeals affirming in part, reversing in part, and vacating in part the judgment of the district court is affirmed in part and reversed in part. Judgment of the district court is affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Anna M. Jumpponen*, assistant county attorney, argued the cause, and *Christina Trocheck*, special assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

STEGALL, J.: Larry Toothman regularly raped and sodomized C.T., after he picked her up from school. This went on for about two years. A jury convicted him of seven sex crimes, but the Court of Appeals reversed two of the convictions sua sponte and remanded the case with directions to resentence Toothman for aggravated incest on those counts instead. We reverse the Court of Appeals on this issue and affirm Toothman's convictions.

FACTUAL AND PROCEDURAL BACKGROUND

C.T. was born with cerebral palsy, which caused muscle weakness on the right side of her body. C.T.'s cerebral palsy prevented her from walking long distances and

2

often caused her to fall down because her "right side just quits." When C.T. was a freshman and sophomore in high school, Toothman would sometimes pick her up from school. But instead of driving her home, Toothman would drive her to his house and perform sexual acts on her by force. Over the course of about two years—when C.T. was 15 and 16 years old—Toothman performed oral sex on C.T., digitally penetrated her, forced her to perform oral sex on him, and tried to have sexual intercourse with her. During this time, Toothman weighed about 577 pounds and C.T. weighed 101 pounds. C.T. testified that she was afraid and tried to escape but did not have the physical strength to do so.

The State charged Toothman with 11 sex crimes committed between 2010 and 2012. We note that the crimes allegedly occurred over a span of several years and the criminal statutes were recodified during that time. So Toothman was charged under different statute numbers for committing the same kind of crime at different times. Despite the 2011 recodification, however, the relevant statutory language for each crime stayed the same during this time. For simplicity, we will cite only to the 2011 Supplement for the crimes charged.

For each count, the State charged Toothman with a crime committed when C.T. was overcome by force or fear and, in the alternative, a crime of lesser severity predicated on C.T.'s age at the time. Counts 1, 2, 4, 5, and 6 charged aggravated criminal sodomy or, in the alternative, criminal sodomy. See K.S.A. 2011 Supp. 21-5504(b)(3)(A) (aggravated criminal sodomy of a victim "overcome by force or fear"); K.S.A. 2011 Supp. 21-5504(a)(3) (criminal sodomy of a child "who is 14 or more years of age but less than 16 years of age"). Count 3 charged aggravated criminal sodomy or, in the alternative, aggravated incest. See K.S.A. 2011 Supp. 21-5604(b)(2)(A) (aggravated incest requiring "[o]therwise lawful sexual intercourse or sodomy" with a niece who is "16 or more years of age but under 18 years of age"). Counts 7 and 8 charged attempted rape or, in the alternative, attempted aggravated indecent liberties with a child. See

3

K.S.A. 2011 Supp. 21-5503(a)(1)(A) (rape of victim "overcome by force or fear"); K.S.A. 2011 Supp. 21-5506(b)(1) ("[s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age"). Counts 9 and 10 charged rape or, in the alternative, aggravated indecent liberties with a child. Count 11 charged rape or, in the alternative, aggravated incest.

At trial, the district court instructed the jury on each primary charge and its corresponding alternative charge but did not give any lesser included offense instruction. Toothman did not object to the jury instructions. For counts 1, 2, 3, 6, 9, 10, and 11, the jury found Toothman guilty of each primary charge and its alternative charge. But the jury acquitted him on counts 4, 5, 7, and 8.

Shortly after his conviction, Toothman moved for a new trial. He argued the district court erred when it failed to instruct the jury that criminal sodomy is a lesser included offense of aggravated criminal sodomy. He also claimed his convictions were multiplicitous because, on each count, the jury convicted him of both the primary charge and the alternative charge for the same sexual act.

At a hearing on the motion, the district court and parties agreed that Toothman should only be sentenced for the primary offense on each count. So the court ruled that Toothman would be sentenced for the crimes of aggravated criminal sodomy and rape, and it set aside his convictions for criminal sodomy, aggravated indecent liberties with a child, and aggravated incest. The court also ruled that any failure to give a lesser included offense instruction on criminal sodomy did not impact the outcome of trial.

On the day of sentencing, Toothman gave a letter to his attorney stating that he wanted to fire her because she did not subpoena unspecified letters in his property at jail that would have helped his case. He did not send this letter to the court. At the sentencing hearing, defense counsel showed the letter to the court and voiced Toothman's request for

4

new counsel. The court noted that it had not seen Toothman's letter or heard this complaint before. Defense counsel said she did not know about the letters Toothman mentioned.

The court asked Toothman if he had told his attorney about the letters, and Toothman said yes. Then defense counsel explained that she knew Toothman had sent letters from jail and had received a letter from the victim, but she was unaware of any other letters. Finally, the court asked Toothman if he had anything else to add, and the defendant said no. The exchange went this way:

> "THE COURT:  Well, the matter at issue is subpoena to call—to bring evidence in or to call witnesses or questioning of witnesses all falls within the purview of the defense counsel. [Defense counsel] is an experienced counsel, practiced for several years in criminal law matters in this court and other courts of this state, and is a licensed attorney in good standing with the bar of this state. And based upon that allegation alone, Court does not see cause to have you removed, [Defense counsel].

> "Is there anything you want to add to this, Mr. Toothman, or any additional things you want to say?

> "THE DEFENDANT:  No, sir. I believe that says it."

The court denied Toothman's request for new counsel and sentenced him to 653 months' imprisonment and lifetime postrelease supervision.

Toothman appealed, arguing the district court:  (1) committed clear error when it failed to instruct the jury that criminal sodomy is a lesser included crime of aggravated criminal sodomy; (2) abused its discretion when it failed to adequately inquire about a potential conflict between Toothman and his trial counsel before sentencing; and (3) committed clear error when it instructed the jury that its verdict "must be founded

5

entirely upon the evidence admitted and the law as given in these instructions," which effectively told the jury that it had no right to nullify. The Court of Appeals rejected these three arguments and affirmed the majority of his convictions. *State v. Toothman*, No. 114,944, 2017 WL 2494953 (Kan. App. 2017) (unpublished opinion).

Then, however, the Court of Appeals raised and decided a new issue sua sponte, reversed Toothman's convictions for aggravated criminal sodomy in Count 3 and rape in Count 11, and remanded the case with directions to resentence Toothman for aggravated incest—the alternative charge—on both counts. 2017 WL 2494953, at *7-9. Significantly, the panel decided the case on summary calendar and did not give the parties a chance to brief the new issue.

The panel held that Toothman could only be sentenced for aggravated incest on Counts 3 and 11 because Toothman had a familial relationship with C.T., and thus, aggravated incest was a "more specific crime" than aggravated criminal sodomy or rape. 2017 WL 2494953, at *8. The panel based its conclusion on caselaw flowing from *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992). See *Williams*, 250 Kan. at 737 ("[W]here a defendant is related to the victim as set forth in K.S.A. 21-3603[1] [old aggravated incest statute], the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child."); *Carmichael v. State*, 255 Kan. 10, 19, 872 P.2d 240 (1994); *State v. Chandler*, 17 Kan. App. 2d 512, Syl. ¶ 2, 839 P.2d 551 (1992) ("A defendant charged with and convicted of aggravated incest, in violation of K.S.A. 21-3603, cannot also be charged with and convicted of aggravated criminal sodomy, in violation of K.S.A. 21-3506, where the facts alleged and proved establish" conduct proscribed by both crimes.).

Toothman petitioned for review of the same three issues he raised and lost in the Court of Appeals. The State cross-petitioned for review of the Court of Appeals' decision to reverse two of Toothman's convictions and reinstate the lesser alternative counts of

6

aggravated incest in their place. Procedurally, the State argues the Court of Appeals erred when it decided to reverse the convictions sua sponte without giving the parties a chance to brief the issue. On the merits, the State argues the Court of Appeals wrongly held that aggravated incest is a more specific crime than rape or aggravated criminal sodomy for two main reasons: (1) the panel relied on outdated caselaw to reach this conclusion, and (2) the rape and aggravated criminal sodomy were committed when C.T. was overcome by force or fear, making aggravated incest—which is defined as "[o]therwise lawful intercourse or sodomy" with certain prohibited persons—inapplicable. K.S.A. 2011 Supp. 21-5604(b)(2)(A). We granted both Toothman's petition and the State's cross-petition.

ANALYSIS

*The Court of Appeals erred when it reversed Toothman's convictions for aggravated criminal sodomy and rape sua sponte.*

This case demonstrates why we have strongly cautioned: "[W]hen 'an appellate court raises a new issue *sua sponte*, counsel for all parties should be afforded a fair opportunity to brief the new issue and to present their positions to the appellate court before the issue is finally determined.'" *Lumry v. State*, 305 Kan. 545, 566, 385 P.3d 479 (2016) (quoting *State v. Puckett*, 230 Kan. 596, 601, 640 P.2d 1198 [1982]). The panel quoted this directive but disregarded it without giving a reason. *Toothman*, 2017 WL 2494953, at *7. Then, sua sponte, the panel reversed Toothman's convictions for aggravated criminal sodomy in Count 3 and rape in Count 11, reinstated his convictions for aggravated incest on those counts, and remanded for resentencing—without giving the parties a chance to brief, or even argue, the issue. 2017 WL 2494953, at *8-9. Had the panel followed our directive, it may not have applied outdated caselaw (based on an outdated aggravated incest statute) to mistakenly reverse two convictions for forcible sex crimes.

7

The panel reversed Toothman's convictions for aggravated criminal sodomy in Count 3 and rape in Count 11 because it believed that aggravated incest was the more specific crime for both counts. 2017 WL 2494953, at *8. The panel began its analysis with the "generally accepted principle that when a specific statute and a general statute apply to the same situation, the more specific statute will control." 2017 WL 2494953, at *7 (citing *Vontress v. State*, 299 Kan. 607, 613, 325 P.3d 1114 [2014]). But the panel proceeded to apply this rule to the wrong version of the aggravated incest statute. This presents a problem of statutory interpretation, which is subject to unlimited review. See *State v. Looney*, 299 Kan. 903, Syl. ¶ 2, 327 P.3d 425 (2014).

Before 1993, the aggravated incest statute, in its various forms, generally prohibited a specified relative from engaging in "any unlawful sexual act" with a child. See K.S.A. 21-3603(2)(a) (Ensley 1988); K.S.A. 21-3603(1) (Ensley 1981); K.S.A. 21-3603(1) (Weeks 1974); K.S.A. 1969 Supp. 21-3603(1). The three cases the panel relied on—*Williams*, *Chandler*, and *Carmichael*—involved convictions that occurred before 1993 and thus construed the old statutory language. In each of these cases, the appellate court held that aggravated incest was a more specific crime than the charged sex offense because the defendant was related to the child victim.

In *Williams*, the defendant was charged with indecent liberties with a child for having sexual intercourse with his 14-year-old step-grandchild. At the time, indecent liberties with a child was defined to include engaging in sexual intercourse with a child less than 16 years old. See K.S.A. 1991 Supp. 21-3503. Aggravated incest was defined to include engaging in "sexual intercourse, sodomy or an unlawful sex act, as defined by K.S.A. 21-3501" "with a person who is under 18 years of age and who is known to the offender to be" a specified relative. K.S.A. 21-3603 (Ensley 1988); see K.S.A. 1991 Supp. 21-3501(4) (defining "[u]nlawful sexual act" to include indecent liberties with a child). Thus, the charged conduct could qualify as either crime. The defendant moved to dismiss the complaint, arguing he should have been charged with aggravated incest

8

instead because it was a more specific crime based on his familial relationship with the victim. We agreed and affirmed the dismissal of the complaint, reasoning:

"Although the elements of the two crimes are similar, the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child. This relationship is not an element in the indecent liberties with a child statute. From a reading of these statutes, it is clear that the legislature intended to establish certain sex offenses applicable where family relationships are not involved. The legislature also intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship. We hold where a defendant is related to the victim as set forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." 250 Kan. at 736-37.

Soon, appellate courts extended *Williams*' logic to hold that aggravated incest is a more specific crime than aggravated criminal sodomy or rape when the child victim is related to the defendant. In *Chandler*, the defendant was convicted of aggravated criminal sodomy, among other crimes, for performing sexual acts on his 13-year-old daughter. Following *Williams*, the Court of Appeals held the conduct alleged as aggravated criminal sodomy fell within the conduct proscribed by the aggravated incest statute, and as a result, the defendant could only be convicted of the more specific crime of aggravated incest. *Chandler*, 17 Kan. App. 2d at 513-14. Then in *Carmichael*, the defendant argued that his two rape convictions should be vacated because the victim was his daughter. Applying *Williams*, we held that aggravated incest was the more specific crime and rape was the general crime, and as a result, we vacated the defendant's sentence and remanded the case for resentencing on aggravated incest. *Carmichael*, 255 Kan. at 19. Again, these cases shared, as a common thread, a version of the aggravated incest statute that covered "any unlawful sex act." K.S.A. 21-3603(2)(a) (Ensley 1988).

9

The Court of Appeals applied these cases because it believed the version of the aggravated incest statute at issue in *Williams* "was identical to the aggravated incest statute under which Toothman was charged." *Toothman*, 2017 WL 2494953, at *7. But that is simply not true. In 1993, the Legislature changed the aggravated incest statute to effectively overrule *Williams* and thus "'avoid the possibility of lesser penalties for parents who sexually abuse their children.'" *State v. Ippert*, 268 Kan. 254, 258, 995 P.2d 858 (2000). The amended statute defined aggravated incest as engaging in "[*o*]*therwise lawful* sexual intercourse or sodomy" "with a person who is 16 or more years of age but under 18 years of age and who is known to the offender to be" a specified relative. (Emphasis added.) L. 1993, ch. 253, § 15; K.S.A. 21-3603(a)(2) (Torrence 2007). This definition was in effect when Toothman committed crimes against C.T., and it is still in effect today. See K.S.A. 2018 Supp. 21-5604(b)(2)(A). As the comment to PIK Crim. 4th 56.070 (2012 Supp.) correctly explains,

"Aggravated incest under K.S.A. 21-3603(2)(A) now applies only to 'otherwise lawful sexual intercourse or sodomy.' Thus, it does not apply to sexual intercourse or sodomy with a child who is less than 16, since such conduct is unlawful. Nor does it apply to non-consensual sexual intercourse with a child who is between 16 and 18 years of age since that conduct is, respectively, rape or criminal sodomy. It applies only to consensual conduct with a child who is between 16 and 18 years of age. . . . Decisions under former statutes, such as *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994), and *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), holding that parents could be charged with aggravated incest but not with forcible rape or indecent liberties with a child are not authoritative under current statutes."

We echo the PIK comment and hold that *Williams*, *Chandler*, and *Carmichael* are not authoritative under the current aggravated incest statute. Moreover, we hold that aggravated incest, as now defined, is not a more specific crime than aggravated criminal sodomy or rape. Aggravated incest requires "[o]therwise lawful sexual intercourse or sodomy," and, of course, the crimes of aggravated criminal sodomy and rape can never

10

be "[o]therwise lawful." K.S.A. 2011 Supp. 21-5604(b)(2)(A). Thus, we reverse the panel on this ground and affirm Toothman's convictions for aggravated criminal sodomy in Count 3 and rape in Count 11.

*The jury instructions listing criminal sodomy as an alternate to aggravated criminal sodomy were not erroneous.*

Counts 1, 2, and 6 charged Toothman with aggravated criminal sodomy as the primary offense and criminal sodomy as the alternative offense, and the jury convicted him of both crimes on each count. Toothman argues the district court erred when it failed to instruct the jury that criminal sodomy is a lesser included offense of aggravated criminal sodomy, instead of an alternative one. He claims the court should have given the PIK instruction on lesser included offenses, which states in relevant part: "When there is a reasonable doubt as to which of two or more offenses defendant is guilty, (he) (she) may be convicted of the lesser offense only, provided the lesser offense has been proven beyond a reasonable doubt." PIK Crim. 4th 68.080 (2016 Supp.). Curiously, Toothman only asks us to reverse two of his three convictions for aggravated criminal sodomy on this ground, and he does not specify which counts. But for our analysis, we consider each of the three counts and arrive at the same conclusion:  the district court did not err.

"Generally, an appellate court reviewing a jury instruction challenge must determine whether the issue was preserved; whether the instruction was legally and factually appropriate; and whether any error was harmless." *State v. Barrett*, 309 Kan. 1029, 1036-37, 442 P.3d 492, 498 (2019). The State concedes that it would have been legally and factually appropriate for the district court to instruct the jury that criminal sodomy was a lesser included offense of aggravated criminal sodomy. Toothman admits that the clear error standard applies because he did not object to the alternate offense instructions. See *State v. McLinn*, 307 Kan. 307, 317-18, 409 P.3d 1 (2018); K.S.A. 2018

11

Supp. 22-3414(3). Under the clear error standard, "we will only reverse the district court if an error occurred and we are '"firmly convinced that the jury would have reached a different verdict had the instruction error not occurred."'" *McLinn*, 307 Kan. at 318.

Thus, at this stage in the appeal, the parties agree that error occurred and only dispute harmlessness. But in so doing, they forgo the threshold question of whether criminal sodomy is even a lesser included offense of aggravated criminal sodomy under K.S.A. 21-3107(2)(b), as charged and convicted here.

A lesser included offense is "[a] lesser degree of the same crime"; "a crime where all elements of the lesser crime are identical to some of the elements of the crime charged"; or "an attempt to commit the crime charged" or a lesser included offense. K.S.A. 21-3107(2) (recodified at K.S.A. 2018 Supp. 21-5109[b]). The Court of Appeals held that criminal sodomy is a lesser included offense of aggravated criminal sodomy because "'all of the elements of criminal sodomy are also elements of aggravated criminal sodomy.'" *Toothman*, 2017 WL 2494953, at *4 (quoting *State v. Franco*, 49 Kan. App. 2d 924, 931, 319 P.3d 551 [2014]). In other words, the Court of Appeals held that criminal sodomy is a lesser included offense of aggravated criminal sodomy under the elements test of K.S.A. 21-3107(2)(b). See *State v. Ramirez*, 299 Kan. 224, 226, 328 P.3d 1075 (2014) ("To attain lesser included offense status under the strict elements test, all of the elements of the lesser crime must be identical to some of the elements of the charged crime."). Toothman neither challenges this holding nor alleges the Court of Appeals erred by not considering whether criminal sodomy is a lesser included offense of aggravated criminal sodomy under any other legal theory. As a result, we only consider whether criminal sodomy is a lesser included offense of aggravated criminal sodomy under K.S.A. 21-3107(2)(b). See *State v. Allen*, 293 Kan. 793, Syl. ¶ 2, 268 P.3d 1198 (2012) ("a party must allege that an issue was decided erroneously by the Court of Appeals in order for the issue to be properly before the Supreme Court on petition for review").

Whether a crime is a lesser included offense of another crime is a question of statutory interpretation subject to unlimited review. See *Ramirez*, 299 Kan. at 227. And a party cannot concede or stipulate to an erroneous conclusion of law. See *State v. Weber*, 297 Kan. 805, 814-15, 304 P.3d 1262 (2013). Thus, comparing the statutes at issue, we hold that criminal sodomy is not a lesser included offense of aggravated criminal sodomy under K.S.A. 21-3107(2)(b) on any of the three counts.

On all three of the counts in question, Toothman was charged with aggravated criminal sodomy, defined as sodomy with a person "who does not consent to the sodomy . . . [w]hen the victim is overcome by force or fear." K.S.A. 2011 Supp. 21-5504(b)(3)(A). And on all three counts, Toothman was charged in the alternative with criminal sodomy, defined as sodomy "with a child who is 14 or more years of age but less than 16 years of age." K.S.A. 2011 Supp. 21-5504(a)(3). The question before us is whether all of the elements of the lesser crime are *identical* to some of the elements of the greater crime—aggravated criminal sodomy in this case. See *Ramirez*, 299 Kan. at 226. Here, the answer must be no.

Put simply, the crime of criminal sodomy set forth in K.S.A. 2011 Supp. 21-5504(a)(3) requires proof of the victim's age, while proof of the victim's age is not required to establish the primary offense Toothman was charged with—aggravated criminal sodomy. It is true that these crimes are in one sense *overlapping*—because aggravated criminal sodomy can be committed against a person who happens to fit the age element set forth in K.S.A. 2011 Supp. 21-5504(a)(3). But this kind of overlap is not sufficient to establish a lesser included offense. All of the elements of the lesser offense must be *identical* to some of the elements of the greater offense such that if the elements of the greater crime are all established, the elements of the lesser crime are also—by necessity—all established. Such is not the case here. A conviction of aggravated criminal sodomy does not necessarily establish every element of criminal sodomy as defined in

13

K.S.A. 2011 Supp. 21-5504(a)(3). As a result, criminal sodomy as defined by K.S.A. 2011 Supp. 21-5504(a)(3) is not a lesser included crime of aggravated criminal sodomy as charged in this case.

Though the Court of Appeals erred when it held that criminal sodomy is a lesser included offense of aggravated criminal sodomy here, it ultimately affirmed because it discerned no clear error. Accordingly, we affirm the Court of Appeals on this point as right for the wrong reason. See *Trear v. Chamberlain*, 308 Kan. 932, 933, 425 P.3d 297 (2018) (affirming the Court of Appeals as right for the wrong reason).

*The district court adequately inquired into Toothman's dissatisfaction with his attorney.*

Toothman argues the district court erred by failing to adequately inquire into a potential conflict with his trial attorney, and he asks us to remand for a hearing on the conflict. He calls the problem a "conflict," or disagreement, but he does not claim that his attorney had a conflict of interest. Instead, Toothman's letter suggests that he was dissatisfied with his attorney's performance because she allegedly failed to subpoena certain letters that would have been helpful at trial. He claims the district court assumed there was no problem because it believed the decision to subpoena evidence "falls within the purview of the defense counsel" and Toothman's trial attorney was "experienced."

The State does not dispute that the disclosure of Toothman's letter triggered the district court's duty to inquire into his dissatisfaction with counsel. But the State argues the district court adequately inquired when it asked about the letters and whether Toothman had "any additional things" he wanted to say. The Court of Appeals agreed with the State. *Toothman*, 2017 WL 2494953, at *13.

As a threshold matter, the Court of Appeals held Toothman did not challenge the adequacy of the inquiry in district court. However, it applied a preservation exception to

14

prevent the denial of his fundamental Sixth Amendment right to counsel. *Toothman*, 2017 WL 2494953, at \*11-12. We will not disturb this decision because the State did not petition it for review. See Supreme Court Rule 8.03(b)(6)(C)(i) (2019 Kan. S. Ct. R. 53). Thus, the only question before us is whether the district court adequately inquired into Toothman's articulated dissatisfaction with counsel.

We review a district court's inquiry about a defendant's dissatisfaction with counsel for abuse of discretion. See *State v. Brown*, 300 Kan. 565, 570-71, 331 P.3d 797 (2014); *State v. Pfannenstiel*, 302 Kan. 747, 760-61, 357 P.3d 877 (2015). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. 302 Kan. at 760.

"Our state and federal constitutions guarantee a criminal defendant the right to effective assistance of counsel, and a district court's duty to inquire into a potential conflict with counsel derives from this right." *State v. Bacon*, 309 Kan. 1235, 1338, 443 P.3d 1049, 1051 (2019). An articulated statement of attorney dissatisfaction triggers the district court's duty to inquire. 309 Kan. at 1338, 443 P.3d at 1051. A district court conducts an appropriate inquiry into a defendant's dissatisfaction with counsel by investigating: "(1) the basis for the defendant's dissatisfaction with counsel and (2) the facts necessary for determining if that dissatisfaction warrants appointing new counsel, that is, if the dissatisfaction is 'justifiable.'" *Pfannenstiel*, 302 Kan. at 761. But this inquiry does not require "a detailed examination of every nuance of a defendant's claim of inadequacy of defense and conflict of interest." *State v. Staten*, 304 Kan. 957, 972, 377 P.3d 427 (2016). Instead, "A single, open-ended question by the trial court may suffice if it provides the defendant with the opportunity to explain a conflict of interest, an irreconcilable disagreement, or an inability to communicate with counsel." 304 Kan. at 972-73; see *State v. Bryant*, 285 Kan. 970, 991, 179 P.3d 1122 (2008) (holding the district court adequately inquired by "asking open-ended questions" and "fully hearing [the defendant's] complaints").

15

We hold the district court adequately inquired into Toothman's dissatisfaction with counsel by investigating the basis for his dissatisfaction and asking Toothman an open-ended question to elicit additional facts. The district court saw Toothman's letter requesting new counsel for the first time at sentencing. The letter was vague and did not specify what letters his attorney should have subpoenaed for trial. So the district judge investigated further. He asked Toothman if he had told his attorney about the letters, and Toothman said yes. But defense counsel did not understand what letters Toothman was talking about. So the district judge inquired further. The judge asked Toothman an open-ended question to draw out more facts: "Is there anything you want to add to this, Mr. Toothman, or any additional things you want to say?" Toothman responded, "No, sir. I believe that says it."

Thus, the judge reasonably inquired for more facts, but Toothman declined to provide them. The judge expressed confidence in defense counsel's judgment but did not, as Toothman argues, simply assume she was correct. On the contrary, the judge gave Toothman the last word and a full opportunity to explain why he wanted new counsel. Accordingly, we affirm the Court of Appeals and hold the district court did not abuse its discretion when it inquired about Toothman's dissatisfaction with counsel.

*The jury instruction stating the "verdict must be founded entirely upon the evidence admitted and the law as given in these instructions" is legally correct.*

Finally, Toothman argues the district court erred when it instructed the jury: "Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions." See PIK Crim. 4th 68.010 (containing identical instruction). He claims this instruction—particularly the word "must"—was legally incorrect because it told the jury that it did not have a right to nullify. He admits that he failed to object to this instruction below, so we review for clear error. See *McLinn*, 307 Kan. at 317-18.

16

Today in *State v. Boothby*, 310 Kan. __, __ P.3d__ (No. 116,505, this day decided), we considered whether the same instruction was legally erroneous for the same reason. Though we acknowledged that "juries have 'the raw physical power' to nullify," we declined to recognize a "right" to jury nullification. 310 Kan. at ___, slip op. at 14-15; *State v. McClanahan*, 212 Kan. 208, 217, 510 P.2d 153 (1973). In the end, we held an instruction stating, "Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions," is legally correct. *Boothby*, 310 Kan. at ___, slip op. at 14, 16. We also held a district court does not err when it tells a jury to follow the law. 310 Kan. at ___, slip op. at 16-17. Thus, following *Boothby*, we hold Toothman's identical instruction was legally correct.

Affirmed in part and reversed in part.

17