NOT DESIGNATED FOR PUBLICATION

No. 121,223

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA D. MEADOWS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 21, 2020. Reversed and remanded with directions.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Joshua D. Meadows appeals from the district court's decision to deny his counsel's motion to withdraw. Because the record reflects that the district court failed to discharge its duty to inquire into Meadows' claim that he had a conflict of interest with his attorney, we reverse and remand the matter to the district court so it can conduct the proper inquiry.

1

FACTS

On January 30, 2019, Meadows pled guilty to three different drug related charges. He originally was scheduled to be sentenced on April 12, 2019, but that hearing was continued to April 26, 2019, because Meadows wanted time to talk with his attorney, Nicholas L. Oswald, about the possibility of withdrawing his plea. As Oswald later explained to the district court, Meadows had questions about if, and the manner in which, his codefendants were being prosecuted. Meadows also wanted to discuss how the employment termination of one of the officers who investigated the case impacted his own prosecution. Oswald noted that the timing of Meadows' inquiries was key because if Meadows waited until after his sentencing to move to withdraw his plea, the standard of proof would change from good cause to manifest injustice.

The day before the rescheduled sentencing hearing, Oswald filed a motion to withdraw as counsel, citing irreconcilable differences between himself and Meadows that mostly centered around Meadows' desire to withdraw his plea. The district court took up that motion at the sentencing hearing. Oswald explained to the court that Meadows wanted to back out of his plea agreement, which required him to withdraw because any motion to withdraw the plea invariably would involve an ineffective assistance of counsel claim. The State, for its part, conceded that Oswald's motion should be granted and suggested that the district court appoint new counsel for Meadows, allow that attorney to file a motion to withdraw plea, and then set the matter for an evidentiary hearing. The district court denied the motion based on counsel's brief statements summarized above without conducting any further inquiry. The judge stated that she was "hard-pressed to find that based on what [Oswald] said, . . . that [there was] any reason to delay sentencing." The judge went on to say:

> "We're going to go ahead with sentencing, Counsel. I haven't heard anything that would justify removing counsel at this time. Mr. Meadows, throughout this process you

2

have had assigned counsel. Assigned counsel isn't someone you choose. You have the right to hire your own but as long as you're accepting assignment of appointed counsel, then I decide who represents you."

The court sentenced Meadows to 49 months in prison but granted a dispositional departure and placed him on probation for a term of 36 months. Meadows now appeals, claiming that the district court abused its discretion when it denied his counsel's motion to withdraw.

ANALYSIS

When a district court is confronted with a potential conflict of interest issue, it is required to make an appropriate inquiry as to that conflict. If such an inquiry is made, the district court's decision is reviewed for an abuse of discretion. We review the district court's inquiry into a potential conflict of interest under the abuse of discretion. *State v. Brown*, 300 Kan. 565, 570-71, 331 P.3d 797 (2014).

> "'Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.'" 300 Kan. at 571 (quoting *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 [2011]).

Generally, a defendant must show justifiable dissatisfaction with his or her original appointed counsel to be entitled to the appointment of new counsel. Justifiable dissatisfaction "can be 'demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant.'" 300 Kan. at 575. The law imposes a threshold burden of establishing justifiable dissatisfaction on the defendant, but once met, it imposes an affirmative duty

3

on the district court to conduct an appropriate inquiry into the alleged conflict. 300 Kan. at 575. "A district court conducts an appropriate inquiry into a defendant's dissatisfaction with counsel by investigating: '(1) the basis for the defendant's dissatisfaction with counsel and (2) the facts necessary for determining if that dissatisfaction warrants appointing new counsel, that is, if the dissatisfaction is justifiable.'" *State v. Toothman*, 310 Kan. 542, 554, 448 P.3d 1039 (2019). This duty is not particularly demanding; it often can be satisfied if the district court asks even one, open-ended question. 310 Kan. at 554 ("'A single, open-ended question by the trial court may suffice if it provides the defendant with the opportunity to explain a conflict of interest, an irreconcilable disagreement, or an inability to communicate with counsel.'"). But if a district court fails to make any inquiry into the nature of the potential conflict, it fails to satisfy its duty and that constitutes an abuse of discretion. *State v. Stovall*, 298 Kan. 362, 370, 312 P.3d 1271 (2013).

Here, Oswald raised the potential of a conflict of interest between himself and Meadows at both the original and the continued sentencing hearings. Oswald also raised it in his motion to withdraw as counsel, which was filed the day before the continued sentencing hearing. Despite being given three articulated statements of attorney dissatisfaction, the district court failed to make any sort of inquiry into the potential conflict of interest. Instead, the judge stated that she was "hard-pressed to find that based on what [Oswald] said, . . . that [there was] any reason to delay sentencing." The court then denied Oswald's motion to withdraw as counsel and proceeded with sentencing. We conclude the decision to deny the motion to withdraw as counsel without first making an inquiry into the alleged conflict between Meadows and his attorney rested on legal error, which means it constitutes an abuse of discretion. For this reason, we reverse the district court's decision to deny the motion to withdraw and remand this case with directions to conduct an evidentiary hearing so the court can inquire to conduct into the potential conflict of interest that Oswald and Meadows alleged. If the court determines a conflict existed at the time it was raised, the court shall grant the motion, appoint new counsel for

4

Meadows, allow that attorney to file a motion to withdraw plea, and then set the matter for an evidentiary hearing.

Reversed and remanded with directions.