NOT DESIGNATED FOR PUBLICATION

No. 122,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL E. FOLTZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed February 4, 2022.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*John A. Griffin*, assistant county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before MALONE, P.J., POWELL and ISHERWOOD, JJ.

PER CURIAM:  Paul E. Foltz entered a diversion agreement with the State after
being charged with two misdemeanors. After Foltz failed to fulfill his diversion
obligations, his diversion was revoked, and the district court found him guilty on
stipulated facts. At sentencing, Foltz' counsel notified the district court that Foltz
expressed dissatisfaction with appointed counsel's answers to questions he had asked and
indicated that Foltz wanted new counsel appointed. The district court then asked Foltz
whether he wished to continue with sentencing, at which point Foltz expounded on
difficulties he faced when trying to complete a drug and alcohol assessment. The district

1

court indicated a willingness to proceed without the assessment and asked both parties again whether there was any reason it could not proceed to sentencing. After both parties told the district court no such reason existed, the district court sentenced Foltz. Foltz now appeals, arguing the district court abused its discretion by failing to inquire further into his alleged dissatisfaction with appointed counsel. After a review of the record, we see no error on the part of the district court and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2018, the State charged Foltz with one count each of domestic battery and intimidation of a witness. Several months later, the district court approved a diversion agreement between Foltz and the State under which Foltz would be on diversion for 12 months and proceedings in his criminal case would be stayed.

However, the State sought to revoke Foltz' diversion, alleging he failed to make the required monthly payments towards his outstanding fees, failed to obtain a drug and alcohol evaluation, and failed to complete a mental health assessment. At a hearing on the State's motion to revoke, Foltz admitted to violating the terms of his diversion and waived his right to an evidentiary hearing. After reviewing the stipulated facts, the district court found Foltz guilty of domestic battery and intimidation of a witness. The district court then ordered a presentence investigation (PSI) report and ordered Foltz to complete a drug and alcohol assessment before sentencing.

At Foltz' sentencing hearing on August 5, 2019, the district court asked if any party had an objection to Foltz' criminal history listed in the PSI report, at which point the following exchange occurred:

"[DEFENSE COUNSEL]: Your Honor, before I can answer that, I need the Court to inquire of Mr. Foltz. The last communication I had with him prior to court this

2

morning, he was expressing his dissatisfaction with my answers to his questions and was advising that he wanted the Court to appoint a different attorney. I've not [spoken] with him since. I haven't heard from him since that time until we got here this morning, but given that this has come up, I want the Court to inquire of Mr. Foltz before we proceed.

"THE COURT: Mr. Foltz?

"THE DEFENDANT: Yes, sir.

"THE COURT: I'm ready to proceed today in your case with sentencing. We've continued this once already.

"Sir, are you wishing not to continue today or what is your—

"THE DEFENDANT: Well, the situation is, you wanted me to get an evaluation and it's been very confusing to get it. You have to have the money before they'll talk to you at Pawnee, and when I finally saw that I was going to have the funds, they couldn't see me, and they have to see me before they can give the two hour evaluation, and to counsel you, you've got to have the money, and I'm more than willing to do that, to have that, but we're going to need some extra time, and I thought they were going to transmit the fax that it happened, I don't know if they have or not."

The district court then indicated its willingness to proceed with sentencing without an evaluation. The district court then asked both parties if there was any legal reason a sentence should not be imposed, and both parties said no such reason existed. After hearing arguments from the parties, the district court sentenced Foltz to concurrent 90-day jail sentences for each count but placed him on probation from these sentences for 12 months.

Foltz timely appeals.

ANALYSIS

On appeal, Foltz complains that the district court's inquiry regarding his appointed counsel during the sentencing hearing was insufficient.

Both our federal and state Constitutions guarantee the right of assistance of counsel to criminal defendants. But in instances where counsel is appointed, our Constitutions do not guarantee defendants the right to choose which attorney will be appointed to represent them. *State v. Brown*, 300 Kan. 565, 574-75, 331 P.3d 797 (2014). It logically flows that those defendants also do not have an absolute right to substitute counsel. *State v. Pfannenstiel*, 302 Kan. 747, 759, 357 P.3d 877 (2015).

"If a defendant seeks substitute counsel, the defendant 'must show "justifiable dissatisfaction" with his or her appointed counsel,' which can be 'demonstrated by showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant.' The defendant bears the responsibility of providing '"an articulated statement of attorney dissatisfaction,"' which will, in turn, '"trigger the district court's duty to inquire into a potential conflict"' of interest. [Citations omitted.]" *Brown*, 300 Kan. at 575.

Typically, a defendant is required to file the appropriate motion. See *Pfannenstiel*, 302 Kan. at 755-56. Here, Foltz did not file any motions. The only evidence of his alleged dissatisfaction with appointed counsel came from his counsel's statement during the sentencing hearing. And when given the opportunity to articulate his concerns more clearly, Foltz only spoke about the difficulties he faced completing the drug and alcohol evaluation the district court ordered. After the district court conveyed a willingness to proceed without the evaluation, it allowed the parties to express any other reasons sentence should not be imposed. Foltz' appointed counsel said no such reason existed; Foltz did not speak.

At most, appointed counsel's statement could be construed to mean that Foltz and appointed counsel had ceased speaking at some point. But the same statement reveals that Foltz and his appointed counsel resumed speaking before the sentencing hearing. Standing alone, we have no way to know whether the lack of communication constituted a complete breakdown, which is what Foltz relies on when arguing on appeal that he

4

demonstrated justifiable dissatisfaction. Thus, appointed counsel's statement does not satisfy Foltz' burden to provide the district court with an articulated statement of attorney dissatisfaction. See *Brown*, 300 Kan. at 575.

But even if we assume the district court was put on sufficient notice of Foltz' justifiable dissatisfaction with counsel's performance, the district court's duty to inquire was satisfied here. We review the district court's inquiry under an abuse of discretion standard. *Brown*, 300 Kan. at 570-71. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Pfannenstiel*, 302 Kan. at 760.

A district court abuses its discretion if it fails to conduct an inquiry after being made aware of a potential conflict of interest between a defendant and his or her attorney. Error also occurs when a district court fails to conduct what has been called an "'appropriate inquiry.'" 302 Kan. at 761. To conduct an appropriate inquiry, a district court must fully investigate "(1) the basis for the defendant's dissatisfaction with counsel and (2) the facts necessary for determining if that dissatisfaction warrants appointing new counsel, that is, if the dissatisfaction is 'justifiable.'" 302 Kan. at 761. The district court may also abuse its discretion even after conducting an appropriate inquiry when deciding whether to appoint substitute counsel. 302 Kan. at 762.

Foltz complains the district court abused its discretion in either failing to inquire or in failing to sufficiently inquire.

The district court's actions here are analogous to those in *State v. Wells*, 297 Kan. 741, 305 P.3d 568 (2013), *superseded by statute as stated in State v. De La Torre*, 300 Kan. 591, 331 P.3d 815 (2014). In *Wells*, counsel had been appointed to represent Wells after her arrest. Appointed counsel informed the district court during a telephone conference before Wells' preliminary hearing that Wells did not want to be represented

by him. When the district court asked Wells why she did not want appointed counsel to represent her, she told the district court she "'had him the last time and [she] didn't feel properly represented.'" 297 Kan. at 753. The district court then denied Wells' request, finding that appointed counsel had been effective in previous cases before the district court and that Wells had failed to establish the proper grounds to warrant replacement counsel. Wells did not subsequently raise the issue again.

On appeal, Wells argued that the district court abused its discretion when it conducted no further inquiry. But our Supreme Court disagreed, finding the district court had not abused its discretion because it asked Wells whether she had a particular reason she did not want appointed counsel to represent her, and Wells' response did not suggest a conflict of interest, an irreconcilable disagreement, or an inability to communicate with her appointed counsel. Nor did her response "suggest that the attorney-client relation had 'deteriorated to a point where appointed counsel [could] no longer give effective aid in the fair presentation of a defense.' *Bryant*, 285 Kan. at 986-87." *Wells*, 297 Kan. at 755.

Here, the district court asked Foltz whether he wanted to continue with sentencing after his appointed counsel alerted the district court to Foltz' alleged dissatisfaction. Instead of providing the district court with any evidence that related to a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between himself and appointed counsel, Foltz simply explained why he had yet to complete the drug and alcohol assessment the district court ordered. As a result, Foltz has failed to articulate anything warranting follow-up questions from the district court. See *Pfannenstiel*, 302 Kan. at 761 (citing *Wells*, 297 Kan. at 755-56). Thus, we find that the district court conducted an appropriate inquiry into Foltz' alleged dissatisfaction with his appointed attorney and did not abuse its discretion. See *Pfannenstiel*, 302 Kan. at 761.

But even if we were to assume the district court failed to adequately inquire into Foltz' complaint, we fail to see any prejudice to Foltz. In *State v. Bacon*, 309 Kan. 1235,

1238, 443 P.3d 1049 (2019), our Supreme Court stated: "Generally, the failure to inquire warrants a remand to the district court to determine whether a conflict existed, and if so, whether the conflict adversely affected the attorney's performance." This is the relief Foltz requests.

But such relief would not change the ultimate disposition of Foltz' case. Put differently, the district court sentenced Foltz to two concurrent 90-day jail sentences and placed Foltz on probation from those sentences for 12 months. As our Supreme Court pointed out in *Bacon*, one of the underlying purposes in remanding a case in a situation like this is to determine "whether the conflict *adversely affected* the attorney's performance." (Emphasis added.) 309 Kan. at 1238. And, as the State points out, Foltz does not allege that his appointed counsel's performance prejudiced him in any way, nor does Foltz allege a complete denial of counsel or any conflicts of interest on the part of appointed counsel. See *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (prejudice need not be shown where there is complete denial of counsel); *State v. McDaniel*, 306 Kan. 595, 608, 395 P.3d 429 (2017) (attorney actively represented conflicting interests). As a result, we see no abuse of discretion by the district court in its inquiry as to whether Foltz' appointed counsel was ineffective.

Affirmed.